**Celeste J. DAUGHERTY,
Plaintiff–Appellant,**

**v.**

**BRUCE REALTY & DEVELOPMENT,
INC., Defendant–Respondent.**

No. 61299.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 3, 1992.

Stephen C. Murphy, Elizabeth D. Odell, King, Koster & Murphy, St. Louis, for plaintiff-appellant.

James E. Godfrey, Jr., Godfrey & Fenlon, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the action of the trial court in striking the pleadings of both parties. We find that no judgment was entered by the trial court and no appeal lies. The appeal is dismissed.

Plaintiff's petition involves a breach of contract action in a real estate transaction. Defendant counterclaimed. The parties sought discovery and at various times filed motions to compel discovery. On July 1, 1991 pursuant to a motion for sanctions by plaintiff the court entered an order stated to be "self-executing" which directed defendant to produce documents requested by plaintiff. The order then provided: "Defendant is ordered to comply within twenty (20) days with the foregoing. If defendant fails to comply within 20 days, defendants pleadings are hereby ordered stricken, judgment in default is entered against defendant, and plaintiff is awarded a reasonable attorney fee of $100." No additional judgment was entered.

The parties appeared for trial on November 7, 1991, and a lengthy colloquy ensued with each party contending that the other had failed to comply with subsisting orders to provide discovery. The order directed to the plaintiff was one entered on November 5, 1990, without plaintiff's presence following less than five days notice and which had not thereafter been the subject of any further material in the record. Following this colloquy, and possibly in frustration, the trial court entered the following order from which this appeal is taken:

"On defendant's oral motion for sanctions for failure to comply with courts order of 11–5–90, motion is sustained and plaintiffs pleadings are ordered stricken. Defendants motion to set aside court's order of July 1, 1991 is heard and denied. The court orders that costs are assessed equally to the parties."

The court's docket entry of November 14, 1991, states: "Letter from Celeste Daugherty to Judge O'Toole filed—will consider amended petition (either side) only pleadings were dismissed." On November 22 plaintiff filed a motion to amend judgment and on December 9 plaintiff filed a notice of appeal. The motion to amend was denied on January 13, 1992, for lack of jurisdiction.

Nowhere in the record is there a judgment entered. Nowhere in the record is there an order dismissing either the plaintiff's petition or the defendant's counterclaim and the trial court by its November 14 entry apparently drew some distinction between striking the pleadings or dismissing the case and entering a judgment. The July 1 order authorizing a default judgment for plaintiff was specifically kept in effect by the November 7, 1991 order but no determination of plaintiff's damages was made and no default judgment was entered. We interpret the order of November 7 as an attempt by the court to compel the parties to responsibly proceed with discovery and not as the entry of a judgment. There is no final judgment from which an appeal can be taken.

Appeal dismissed.

GARY M. GAERTNER, P.J., and BLACKMAR, Senior Judge, concur.