1997 OK 77

**Treva L. JOHNSON, Appellant,**

v.

**Maggie E. GOODMAN, Appellee.**

No. 83279.

Supreme Court of Oklahoma.

June 24, 1997.

J. Phillip Olson, Altus, for Appellant.

Bruce A. Robertson, Wilson, Cain & McAtee, Oklahoma City, for Appellee.

SIMMS, Justice.

¶1 On April 25, 1990 the plaintiff, Treva L. Johnson, timely commenced an action against the defendant, Maggie E. Goodman, seeking to recover for alleged bodily injuries from an automobile collision that occurred on April 26, 1988. The petition was signed by the plaintiff and her lawyer, who was neither licensed to practice law in Oklahoma nor admitted *pro hac vice*. The lawyer continued to represent the plaintiff until, during a status conference in August 1990, the trial judge apparently discovered the problem regarding the lawyer's professional status.

¶2 Concluding that the attorney's signature on the plaintiff's pleadings and motions constituted a violation of 12 O.S.Supp.1987 § 2011,[1] the trial judge ordered them strick-

---

**1.** The terms of 12 O.S.Supp.1987 § 2011 provided:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address and Oklahoma Bar Association identification number shall be stated. * * * *If a pleading, motion, or other paper is not signed, it shall be stricken* unless it is signed promptly after the omission is called to the atten-

en. The issue of attorney's fees and costs incurred by the defendant in having to attend the status conference was reserved for future determination upon defendant's application.

¶3 Following an August 30, 1990, hearing the trial court imposed monetary sanctions against the lawyer alone. He appealed in case No. 76,383, and sought leave to appear as attorney of record on behalf of both the plaintiff and himself. This Court granted his motion in part, permitting him to represent only himself in his appeal from the sanctions order against him. The Court of Appeals affirmed the order, and this Court denied his petition for certiorari on September 15, 1992.

¶4 Exactly one year later the plaintiff, represented by other counsel, filed another petition in the same case. The defendant moved to dismiss based on the statute of limitations. She argued that the propriety of the order striking the first petition was not the subject of any appeal and that the order therefore became final. This argument was premised on the notion that the order striking the pleading operated as a dismissal or failure of the action "otherwise than upon the merits" within the meaning of 12 O.S.1991 § 100.[2]

¶5 The defendant thus maintained that the plaintiff's second petition is time-barred because (1) the plaintiff waited more than one year to attempt to initiate a new action,

and (2) even if she had made a timely attempt to do so, she would have failed to commence a new action because her second petition was filed in the same "deemed-dismissed" case. In support of the latter argument the defendant cited *Wiley Elec., Inc. v. Brantley*, 1988 OK 80, 760 P.2d 182, which holds that the filing of an amended petition in a previously dismissed case is insufficient to avail a party of the savings provisions of § 100.[3]

¶6 The trial court accepted the defendant's viewpoint and dismissed the second petition with prejudice. The Court of Appeals affirmed, and this Court granted the plaintiff's petition for certiorari. The dispositive issue is whether the order striking the first petition is the functional equivalent of a dismissal and thus caused plaintiff's failure in the action "otherwise than upon the merits" within the meaning of § 100. We answer in the negative and hold that the order should not have been treated as a dismissal and that the case has remained pending since the first petition was stricken.

¶7 The striking of a pleading does not mark the end of an action, as does a dismissal, though it renders the pleading inefficacious. This conclusion is consistent with the manner in which rulings on motions to strike have generally been treated. Such motions are authorized (see 12 O.S.1991, § 2012(D)),[4] but the grounds for a motion to

tion of the pleader or movant. *If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction,* which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (Emphasis added.)

Section § 2011 has since been amended, but the court still has the authority to strike an unsigned pleading and to impose sanctions for violation of the statute.

2. Section 100 provides:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or *if the plaintiff fail in such action otherwise than upon the merits, the plaintiff,* or, if he should die, and the cause of action survive, his representatives *may commence a new action within one (1) year after the reversal or failure*

*although the time limit for commencing the action shall have expired before the new action is filed.* (Emphasis added.)

3. In *Wiley* a plaintiff had sued three defendants and obtained summary judgment against one of them. The claims against the remaining defendants were dismissed without prejudice. Within the one-year period following the dismissals, the plaintiff brought a second or amended petition, which was filed in the original case. Because the summary judgment and the dismissals without prejudice effected an end to the trial court's jurisdiction in the case, there was no petition pending for the plaintiff to amend. Section 100 was therefore not available to save the claim from the limitations bar.

4. The terms of § 2012(D) provide:

D. MOTION TO STRIKE. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted

strike are now statutorily limited. Before the enactment of the Pleading Code in 1984 motions to strike were authorized by 12 O.S. 1981 §§ 297[5] and 1115,[6] and their purposes were to make *any* pleading definite and to excise redundant or irrelevant matters inserted in any pleading.

> As a general rule, the office of a motion to strike ... [was] not to test the sufficiency of a pleading; the motion relate[d] collaterally or preliminarily to the issue and ... [was] not directed against the cause of action or defenses as a whole to test its sufficiency; the motion ... [was] not a substitute for a general demurrer and ... [was] not the proper pleading by which to raise the objections of res judicata, statute of limitations, or laches.

*Bronson v. Reed,* 167 Okla. 447, 30 P.2d 459 (1934) (the Court's syllabus). See also *Bingham v. Williams,* Okl. 264 P.2d 751, 755 (1953), where the Court noted:

> * * * It is elementary that any defendant has a right to have redundant or immaterial matter stricken from a petition, to have an indefinite petition made more definite and certain, *and to move for a dismissal if the facts and pleadings warrant such motion.* (Emphasis added.)

Orders granting motions to strike, then, ordinarily did not (and do not) bring an end to the action. Furthermore, such orders are not appealable. *DLB Energy Corp. v. Oklahoma Corp. Com'n,* 1991 OK 5, 805 P.2d 657, 660–661; *Riise v. Riise,* Okl., 332 P.2d 963, 965 (1958).

¶ 8   Today's pronouncement is also consistent with federal procedural law in which a motion to strike is not the appropriate vehicle for a claim's dismissal. *Day v. Moscow,* 955 F.2d 807, 811 (2nd Cir.1992), citing 5A Charles A. Wright & Arthur R. Miller, Federal Prac. & Proc. § 1380 at 644 (1990) (A motion to strike "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint."). See also *Click v. Abilene National Bank,* 822 F.2d 544, 545 (5th Cir.1987), where the U.S. Court of Appeals dismissed an appeal from an order imposing sanctions, concluding that "[i]n striking the appellant's amended complaint, the district court did not dismiss the action in its entirety. The action remains pending before the district court."[7]

¶ 9   In conclusion, the order striking all of the pleadings and motions filed on this plaintiff's behalf *did not* constitute a dismissal or failure in the action "otherwise than upon the merits" within the meaning of § 100. The claim presented in her second petition is not barred by limitations.

---

by this Act, upon motion made by a party within twenty (20) days after the service of a pleading upon him or upon the court's own initiative at any time, *the court may order stricken from any pleading any insufficient defense.* If, on a motion to strike an insufficient defense, matters outside the pleadings are presented to and excluded by the court, the motion shall be treated as one for partial summary judgment and all parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by the rules for summary judgment. (Emphasis added.)

**5.** Section 297 provided:

If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby; and when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.

**6.** Section 1115 provided:

Motions to strike pleadings and other papers from the files may be made with or without notice, as the court or judge may direct.

**7.** State courts as well have reached similar conclusions. See, *e.g., Bejda v. SGL Industries, Inc.,* 82 Ill.2d 322, 45 Ill.Dec. 113, 115–116, 412 N.E.2d 464, 466–467 (1980), where the court noted that "[a] dismissal of a complaint ... cannot be equated with a striking of that pleading, since there exists 'a marked difference between an order striking a case from the docket, which is not final ... and an order dismissing the suit * * *.' This distinction is a substantial one and a distinction that has long been recognized in Illinois." (Citations omitted.) In *Daugherty v. Bruce Realty & Dev.,* 840 S.W.2d 271, 272 (Mo. App.1992), the trial court imposed sanctions by striking the plaintiff's pleadings. The plaintiff's appeal was dismissed because the record contained no judgment or order of dismissal and because the appellate court viewed the order imposing sanctions "as an attempt by the [trial] court to compel the parties to responsibly proceed with discovery and not as the entry of a judgment."

¶10 THE OPINION BY THE COURT OF APPEALS IS THEREFORE VACATED, THE TRIAL COURT'S ORDER DISMISSING THE SECOND PETITION WITH PREJUDICE IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS.

KAUGER, C.J., and HODGES, LAVENDER, SIMMS and HARGRAVE, JJ. concur.

OPALA, J., concurs by separate opinion, with whom SUMMERS, V.C.J., and ALMA WILSON, J., join.

WATT, J., not voting.

OPALA, Justice, with whom SUMMERS, Vice Chief Justice, and ALMA WILSON, Justice, join, concurring.

¶1 I concur in the court's view that this case does not come under the strictures announced in *Wiley Elec., Inc. v. Brantley.*[1] This is so because no terminal ruling had been entered when the amended petition was filed below. I write separately to counsel that, because of their *needless* and *excessive* rigidity, the court should depart from the teachings of *Wiley*.

¶2 *Wiley* holds that an action dismissed "otherwise than upon the merits" is not recommenced—within the meaning of 12 O.S. 1991 § 100,[2] known as the savings statute[3]—when a new petition is filed and service

effected *in the dismissed case.*[4] According to *Wiley*, the cited statute *requires* that the clerk assign to the refiled (new) action a number different from that borne by the old.[5] *Wiley* emphasizes the § 100 language, which uses the phrase "new action." The statute's text, the opinion holds, cannot accommodate *recommenced claims that were filed in the same case.*[6]

¶3 *Wiley*'s definition of "new action," in the § 100 sense, is much too narrow. *New action does not mean that the plaintiff, who hands to the clerk the necessary papers, must insist that they be filed under a new number.* If the papers delivered and the procedural steps taken *are sufficient to commence an action,* the clerk's use of the dismissed case in entering the documents on the docket constitutes the functional equivalent of bringing a new action, even if these new filings bear the "old" case number.

¶4 The terms of 12 O.S.1991 § 1033 lend eloquent support to my view. They provide for the use of *the same case number* when certain vacation- or modification-of-judgment quests are brought.[7] The section's text demonstrates that an action may be deemed reactivated, *even after its earlier terminal disposition,* so long as the critical procedural strictures are met.

¶5 *Wiley* expresses *undue* apprehension of offending the provisions of 12 O.S.1991 § 684[8] when a dismissed action is recom-

---

1. 1988 OK 80, 760 P.2d 182.

2. The provisions of 12 O.S.1991 § 100 are:
   "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a *new action* within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed." [Emphasis supplied]

3. *Wiley*, 760 P.2d at 182.

4. *Id.* at 186.

5. *Id.*

6. *See id.* at 185–86 (the court notes that by "new action" is meant something that is to be set apart from the earlier claim).

7. The terms of 12 O.S.1991 § 1033 are:
   "The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of the second preceding section [1031], shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served *as in the commencement of an action.*" [Emphasis supplied]
   *Tedford v. Divine,* 1987 OK 18, 734 P.2d 283, 284; *Yery v. Yery,* 1981 OK 46, 629 P.2d 357, 360; *Sadberry v. Hope,* Okl., 444 P.2d 175, 176–77 (1968).

8. The provisions of 12 O.S.1991 § 684 are:
   A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for

menced under the same number. Section 684 *does not* require that, with a voluntary or involuntary dismissal, the trial court's cognizance of the case be brought to an end.[9] That notion would be utterly inconsistent with Article 7, § 7(a), Okl. Const., adopted in 1967,[10] and with Oklahoma's constitutional jurisprudence of more recent vintage.[11] The cited fundamental-law provision plainly confers *unlimited jurisdiction upon the district courts.*[12] In the post–1967 jurisprudence of this court, any notion that, *after a case is dismissed,* the district court is without power

affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. Any defendant or intervenor may, in like manner, dismiss his action against the plaintiff, without an order of court, at any time before the trial is begun, on payment of the costs made on the claim filed by him. All parties to a civil action may at any time before trial, without an order of court, and on payment of costs, by agreement, dismiss the action. Such dismissal shall be in writing and signed by the party or his attorney, and shall be filed with the clerk of the district court, the judge or clerk of the county court, or the justice, where the action is pending, who shall note the fact on the proper record: Provided, such dismissal shall be held to be without prejudice, unless the words "with prejudice" be expressed therein.

9. For this construction of 12 O.S.1991 § 684, *Wiley, supra* note 1, relies upon *General Motors Acceptance Corp. v. Carpenter*, Okl., 576 P.2d 1166, 1168 (1978); *Firestone Tire & Rubber Co. v. Barnett*, Okl., 475 P.2d 167, 171 (1970); *Shinn v. Morris*, 205 Okl. 289, 237 P.2d 455, 456 (1951).

10. Okla. Const. art. 7, § 7(a) provides in pertinent part:

"The District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article...."
Article 7 was originally ratified in 1907. Its repeal and replacement by what is now Article 7 was proposed by Laws 1967, p. 698, H.J.R. No. 508 and adopted at an election held on July 11, 1967.

11. *Supra*, note 10. In *Baptist Med. Ctr. of Okla., Inc. v. Aguirre*, 1996 OK 133, 930 P.2d 213, 219, the court recently emphasized that the constitutional breadth of district court jurisdiction may not be abridged by statute.

to proceed further, constitutes an aberrational norm—an inadvertent borrowing from antiquarian lore that resurrects, *sans* legal warrant, the repealed judicial article's echo of yesteryear.[13]

¶ 6 Other states confronting the same issue do not uniformly support the *Wiley* conclusion. Georgia allows the plaintiff to refile in the same case,[14] while North Carolina does not.[15] *Wiley* relies on Iowa and North Carolina decisions for the notion that an "independent"—*i.e.*, a new number bearing action—is required by those states' counterpart

12. Okla. Const. art. 7, § 7(a), *supra*, note 10.

13. *See Motors and Firestone, supra*, note 9.

14. The statute presently in force, Ga.Code. Ann. Supp. 1985 § 9–2–61(a), provides:

"When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or, if permitted by the federal rules of civil procedure, in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal...."
Georgia jurisprudence that construes the pre–1985 version of the same statute allows the plaintiff to refile under the same case number. "If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case...." Ga. Code Ann. 1981 § 9–2–61(a); *Chinn v. Maxwell*, 170 Ga.App. 85, 316 S.E.2d 546, 547 (1984); *Hornsby v. Hancock*, 165 Ga.App. 543, 301 S.E.2d 900, 901 (1983) (the court holds that the same cause can be "renewed, recommenced, or brought over"). No reported case indicates that the 1985 version, quoted above, changed the earlier Georgia practice. *See in this connection, Atkinson v. Holt*, 213 Ga.App. 427, 444 S.E.2d 838 (1994).

15. The pertinent terms of N.C.Gen.Stat. § 1–25 (repealed by session laws, c. 954, 1967) are:

"If an action is commenced within the time prescribed therefor, and the plaintiff is non-suited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment...."
*Bourne v. Southern Ry. Co.*, 224 N.C. 444, 31 S.E.2d 382, 383 (1944); *Cooper v. Crisco*, 201 N.C. 739, 161 S.E. 310, 312 (1931); *Johnson v. Petree*, 4 N.C.App. 20, 165 S.E.2d 757, 761–762 (1969).

of our § 100.[16] In the *lone* Iowa case, *Bird v. Nelson,*[17] although the second action did fail, it was not because it had the same number as the first, but rather because of *other fatal procedural* flaws. There was neither new notice to, nor general appearance by, the defendant in the second (refiled) case.[18] The attempt at recommencement did not qualify as a "new action" for plaintiff's failure to secure service of process. Iowa jurisprudence clearly does not support *Wiley*'s rigid interpretation of Oklahoma's savings statute.[19]

¶7 All cases *timely brought*—in the § 100 sense—should be accorded equal efficacy, whether they be filed under the same number as that borne by the earlier-dismissed action or under a different number. The *critical* requirements for compliance with § 100 are (a) timeliness of refiling and (b) its conformity to the *sine qua non* procedural regime that governs the bringing of a new action. In short, if everything done in the dismissed case to effect the § 100 refiling is sufficient to commence a new action, the clerk's entry of the documents under the number borne by the dismissed case is *not* to be viewed as *fatal* to the action's recommencement.

¶8 I cannot join today's opinion *sans* this qualification. Were I writing for the court, I would reexamine *Wiley* and conclude that a plaintiff's § 100 refiling of the claim under the same number—*after* an earlier terminal order in the case—does not offend the provisions of the savings statute so long as the critical steps for bringing a new action have been followed.

---

**16.** The terms of IOWA CODE § 614.10 (1946) are: "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, *be held a continuation of the first."* [Emphasis mine]

*Wiley,* 760 P.2d at 184–85.

**17.** 216 Iowa 262, 249 N.W. 393 (1933).

**18.** *Id.* 249 N.W. at 394.

**19.** See the Iowa statute, *supra,* note 16.