2001 OK CIV APP 42

**Edwin D. THOMPSON, Petitioner,**

v.

**J.W. BUCK CONSTRUCTION and The Workers' Compensation Court, Respondents.**

No. 95,115.

Court of Civil Appeals of Oklahoma, Division No. 2.

March 13, 2001.

T.R. Banks, Brandon J. Burton, Gravitt & Burton, Oklahoma City, OK, for Petitioner.

R. Dale Kimsey, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, OK, for Respondent J.W. Buck Construction.

GOODMAN, P.J.

¶ 1 This is a proceeding to review an order of the Workers' Compensation Court denying a health care provider's request for reimbursement of expenses incurred in treating a claimant based upon a finding that the request is barred by the statute of limitations. Based upon our review of the record and applicable law, we vacate the order and remand the matter for further proceedings.

I

¶ 2 On June 11, 1993, claimant Edwin Dale Thompson entered a Joint Petition Settlement with employer J.W. Buck Construction for injuries he sustained on July 3, 1991, during the course and scope of his employment. On June 20, 1994, Midwest City Therapy, Inc., filed a Form 19 Request for Payment of Charges for Medical or Rehabilitative Services provided to the claimant between September 1991 and July 1992. At a hearing held October 11, 1994, the parties appeared and advised the court that "no

action" was to be taken on the health care provider's request.

¶ 3 On November 10, 1997, the health care provider filed a second Form 19.[1] The trial court held a hearing on the matter October 19, 1999. The employer argued the court lacked jurisdiction because the 1997 request for payment had not been timely filed within 3 years of the date of last treatment or within 3 years of the "stricken" hearing. The parties disagreed on the applicable statute of limitations and the timeliness of the Form 19 request.

¶ 4 In an order filed July 26, 2000, the trial court denied the Form 19 request based upon a finding that the November 10, 1997, Form 19 request "was not filed within the time period provided by law...." The medical care provider seeks our review.

## II

¶ 5 The provider argues the trial court erred as a matter of law because it is undisputed that it filed its original Form 19 within 3 years of the June 11, 1993, Joint Petition Settlement of the claimant's claim. We agree.

¶ 6 The facts in this matter are not disputed. When there is no conflict in the material facts, we are presented with a question of law, which we review employing a de novo standard of review. An appellate court claims for itself plenary, independent, and non-deferential authority to re-examine legal rulings. *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, 895 P.2d 731.

¶ 7 Statutes of limitation are designed to prevent fraud, and to protect litigants against stale claims. *Special Indemnity Fund v. Barnes,* 1967 OK 216, 434 P.2d 218. In *Womack v. Boston Fisheries,* 1974 OK 127, ¶ 17, 527 P.2d 1368, 1372, the Oklahoma Supreme Court declared that claims for medical expenses for attending an injured employee are governed by the general statutes of limitation set out in § 95 of Title 12, but the requirement may be waived by the employer. In holding that the applicable statute of limitations in actions to recover medical expenses is 3 years, the *Oklahoma Court of Civil Appeals in Fortenbacher v. Guardsmark, Inc.,* 1993 OK CIV APP 194, 867 P.2d 487, noted that the Oklahoma Supreme Court in Womack cited with approval its opinion in *Standard Paving Co. v. Lemmon,* 1927 OK 383, 263 P. 140, wherein the court held that the medical services provider "had three years within which to bring his action." That period of time begins to run when the provider's cause of action accrues. In the case in controversy, it appears the date the provider last provided medical services to the claimant preceded the date claimant became legally entitled to benefits— June 11, 1993, the date the claimant filed his Joint Petition Settlement with the Workers' Compensation Court. Thus, we find that the provider's cause of action accrued June 11, 1993, and therefore it had until June 11, 1996 to file a Form 19 request.

¶ 8 The provider timely filed a Form 19 June 20, 1994. However, the order under review states that on "October 11, 1994, the parties appeared and advised that no action was to be taken by the Court." The trial court and the parties have characterized the Form 19 as "stricken." The provider did not take further action until November 10, 1997, when it filed a new Form 19.

¶ 9 In *Johnson v. Goodman,* 1997 OK 77, 941 P.2d 990, the plaintiff filed a timely petition in her action to recover for bodily injuries she sustained in an automobile collision. The plaintiff's attorney, however, was neither licensed to practice law in Oklahoma, nor admitted *pro hac vice.* As a result, the trial judge ordered the plaintiff's pleadings and motions "stricken." After an appeal by the unlicensed attorney of sanctions imposed by the trial court, the plaintiff, then represented by other counsel, filed another petition *in the same case.* The defendant moved to dismiss the action based upon the statute of limitations. The argument was that the order striking the plaintiff's original petition was a "dismissal" of the action, and thus the second

---

1. The provider did not designate either Form 19 as part of the appellate record. The parties, however, agree on the relevant dates and we will accept those dates for purposes of this review proceeding.

petition was untimely. The trial court dismissed the second petition with prejudice. The Oklahoma Court of Civil Appeals affirmed. The Oklahoma Supreme Court reversed the order and remanded the matter for further proceedings, holding that the "striking of a pleading does not mark the end of an action, as does a dismissal, though it renders the pleading inefficacious." *Id.* at ¶ 7, 941 P.2d at 991. The court noted that orders granting motions to strike are not appropriate vehicles for a claim's dismissal and do not bring an end to the action. Furthermore, such orders *are not appealable*.

¶ 10 The record in the case in controversy does not show why "no action" was taken on the initial, timely filed Form 19, or why the court may have stricken the request. It is clear, however, that there was no dismissal of the claim or other final, appealable disposition of the timely Form 19. The provider's request for reimbursement thus remained pending. The second Form 19 was the functional equivalent of an amendment of the "stricken" form. Because the original Form 19 was filed well within the applicable statute of limitations, we hold the trial court erred as a matter of law in dismissing the Form 19 based upon the statute of limitations.

### III

¶ 11 We find the health care provider in this matter had 3 years from accrual of its cause of action to timely file a Form 19. When the timely filed form was stricken, and no appealable order was entered dismissing the request for reimbursement, the matter remained pending before the trial court. We therefore hold the trial court erred as a matter of law in dismissing this matter based upon a violation of the statute of limitations. The order under review is vacated, and the matter is remanded for further proceedings.

¶ 12 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

¶ 13 REIF, V.C.J., and COLBERT, J., concur.