2012 OK CIV APP 64

Keesha **KNOWLES,** individually and as next of kin for SMK, a minor, **Plaintiffs/Appellants,**

v.

**THOMAS R. BRYANT, M.D., P.C.,** an Oklahoma corporation; Renaissance **Women's Center, L.L.C.; Midwest City H.M.A., Inc.,** an Oklahoma corporation d/b/a **Midwest Regional Medical Center, Defendants/Appellees,**

and

**T. Herrera, R.N. and D. Neff, R.N., Defendants.**

**No. 109,775.**

Court of Civil Appeals of Oklahoma, Division No. 2.

June 4, 2012.

---

Mark R. Mueller, Mueller Law Offices, Austin, Texas, for Plaintiff/Appellant.

Inona J. Harness, Haven Tobias, Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P., Oklahoma City, Oklahoma, for Defendant/Appellee Thomas R. Bryant, M.D., P.C.

Erin A. Renegar, John Wiggins, Wiggins, Sewell & Ogletree, Oklahoma City, Oklahoma, for Defendant/Appellees Midwest City H.M.A., Inc. and Renaissance Women's Center, L.L.C.

JOHN F. FISCHER, Chief Judge.

¶ 1 Keesha Knowles appears individually and as next of kin of SMK. She appeals the district court's dismissal of her Second Amended Petition. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S.2011, ch. 15, app. 1, and the matter stands submitted without appellate briefing. The district court correctly determined that Knowles's amended petition, filed after she had previously dismissed her case, did not confer jurisdiction on the court and granted the defendants' motions to dismiss. We affirm.

## BACKGROUND

¶ 2 This case was first filed on August 21, 2007, and alleged that negligence during the birth of SMK on August 22, 2005, caused injury. The case was assigned number CJ–2007–7185. Knowles's First Amended Petition named as defendants Dr. Bryant, his professional corporation, the Renaissance Women's Center, L.L.C., and Midwest City H.M.A., Inc., d/b/a Midwest Regional Medical Center. On March 13, 2009, Knowles voluntarily dismissed the Women's Renaissance Center without prejudice to refiling her case. On July 31, 2009, Knowles filed a voluntary dismissal without prejudice as to all remaining defendants. On July 30, 2010, Knowles filed "Plaintiffs' Second Amended Petition (Refiled)" asserting the same claim for negligence contained in her original petition. Case number CJ–2007–7185 was typed on that petition and Knowles filed it in that case. Summons was issued and served on all of the defendants, including two defendants, T. Herrera and D. Neff, who were not named in Knowles's First Amended Petition.

¶ 3 All of the defendants entered special appearances and moved to strike or dismiss the second amended petition on grounds of lack of jurisdiction. The defendants argued that the second amended petition was improper and could not be filed in case number CJ–2007–7185 because that case had been dismissed. Defendants also argued that the improper filing did not satisfy the conditions of the savings clause of 12 O.S.2011 § 100. On October 8, 2010, Knowles filed a motion requesting leave to correct the caption, assign a proper case number and to assess the costs of filing a new case against the plaintiffs. Without specifically addressing this motion, the district court granted the defendants' motions and dismissed case number CJ–2007–7185 with prejudice based on the district court's finding that "the case was dismissed without prejudice by [Knowles] on 7/31/09 [and] the Court has no jurisdiction after the date of dismissal." Knowles appeals that ruling and the failure of the district court to grant her motion to correct the case caption.

## STANDARD OF REVIEW

¶ 4 Appellate review of a motion to dismiss involves a *de novo* consideration as to whether the petition is legally sufficient. *Indiana Nat'l Bank v. Dep't of Human Servs.*, 1994 OK 98, ¶ 2, 880 P.2d 371, 375. "Motions to dismiss are generally viewed with disfavor." *Lockhart v. Loosen*, 1997 OK 103, ¶ 5, 943 P.2d 1074, 1078. "A petition can generally be dismissed only for lack of any cognizable legal theory to support the claim or for insufficient facts under a cognizable legal theory." *Kirby v. Jean's Plumbing Heat & Air*, 2009 OK 65, ¶ 5, 222 P.3d 21, 24.

## ANALYSIS

¶ 5 In their motions, the defendants relied on *Wiley Electric, Inc. v. Brantley*, 1988 OK 80, 760 P.2d 182, arguing that case was dispositive. In *Wiley*, the plaintiff sued three defendants and obtained judgment against one of them. The plaintiff then dismissed one of the other defendants without prejudice and the district court dismissed the plaintiff's action against the remaining defendant without prejudice. One day short of

one year after voluntary dismissal of the one defendant, the plaintiff filed a second petition in the original case naming the original three defendants and asserting the same claim. The defendant dismissed by the plaintiff filed a motion for summary judgment. The plaintiff responded relying on 12 O.S.2011 § 100:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff ... may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

The Oklahoma Supreme Court affirmed the judgment for the defendant. The Court held that section 100 required the filing of a new action; an amended petition filed in the original action was insufficient to initiate the new action required by section 100, and that an amended petition filed in a case that had been voluntarily dismissed by the plaintiff conferred no jurisdiction on the district court. *Wiley*, 1988 OK 80, ¶ 2, 760 P.2d at 183.

■■■ ¶ 6 All of the facts essential to the Court's ruling in *Wiley* are present here.[1] To avoid the application of *Wiley*, Knowles makes essentially three arguments. Before we address these arguments, we note that the Women's Renaissance Center was dismissed on March 13, 2009. The second amended petition was filed more than one year after that dismissal. Therefore, section 100 did not preserve Knowles's claim against the Women's Renaissance Center. Further, the statute of limitations applicable to Knowles's negligence claim is two years as provided in 12 O.S.2011 § 95(A)(3). Knowles's original petition alleges that the negligence occurred on August 22, 2005. Herrera and Neff were not named as defendants in Knowles's original action and were first named as defendants more than two years after the alleged negligence occurred.

Knowles offers no justification for her failure to sue Herrera and Neff within two years as required by section 95(A)(3). The district court's judgment dismissing with prejudice Knowles's suit against the Women's Renaissance Center, Herrera and Neff is affirmed.

■■■ ¶ 7 As to her claim against Dr. Bryant, his professional corporation and Midwest Regional, it is undisputed that if section 100 applies, Knowles's second amended petition was timely. Recognizing that *Wiley* holds that an amended petition is insufficient to invoke the provisions of section 100, Knowles first argues that the substance of her second amended petition should control, not the form. She points out that "[n]o technical forms of pleadings or motions are required." 12 O.S.2011 § 2008(E)(1). That same section provides in paragraph (E)(2) that "[a]ll pleadings shall be so construed as to do substantial justice." Further, the Oklahoma Pleading Code "shall be construed to secure the just, speedy, and inexpensive determination of every action." *Id.* § 2011. Pursuant to these statutory provisions, the Supreme Court has long recognized that the meaning and effect of an instrument filed in court depend on its contents and substance rather than on form or title given it by the author. *Ginn v. Knight*, 1924 OK 806, ¶ 4, 232 P. 936, 937 ("The nature of a pleading is not determined by the title given it by pleader, but by the subject-matter thereof."); *Amarex, Inc. v. Baker*, 1982 OK 155, ¶ 18, 655 P.2d 1040, 1043; *Knell v. Burnes*, 1982 OK 35, ¶ 4, 645 P.2d 471, 473 (citing 12 O.S.2011 § 78 ("The Court in every stage of the action must disregard technical errors or defects in the pleadings unless the substantial rights of the adverse party are affected.")). The principle articulated in *Ginn v. Knight* was recently reaffirmed. *See In re Estate of Dicksion*, 2011 OK 96, ¶ 16, —— P.3d ——, 2012 WL 2389601 (2012). Nonetheless, this was the law when *Wiley* was decided, and the Oklahoma Pleading Code

---

1. Knowles's attempt to distinguish *Wiley* based on *Johnson v. Goodman*, 1997 OK 77, 941 P.2d 990, is unpersuasive. *Goodman* involved a petition stricken by the district court because the plaintiff's lawyer was not licensed to practice in Oklahoma. The *Goodman* Court held that action, unlike a voluntary dismissal, did not terminate the case. Therefore, a subsequently filed amended petition was not barred by the holding in *Wiley*.

had been enacted four years earlier.[2]

¶ 8 Further, the dispositive provision in this appeal is section 100, not general provisions of the Pleading Code. "The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature ... except where a statute specifies a different procedure." 12 O.S.2011 § 2001. In the twenty-four years since *Wiley* was decided, the Court, although continuing to recognize the remedial purpose of section 100, has not departed from its holding and the Legislature has not acted to abrogate the holding in *Wiley* through amendment of section 100.[3]

> Where a judicial construction has been placed upon the language of a statute for a long period of time, so that there has been abundant opportunity for the lawmaking power to give further expression to its will, its failure to do so amounts to a legislative approval and ratification of the construction placed upon the statute by the courts.

*McCain v. State Elec. Bd.*, 1930 OK 323, ¶ 0, 289 P. 759 (Syllabus 2). "Failure of the Legislature to change the law for a long period of time after judicial construction thereof amounts to Legislative approval and ratification of the construction placed upon the statute by the Court." *Couch v. Int'l Bhd. of Teamsters*, 1956 OK 239, ¶ 6, 302 P.2d 117, 119.[4]

¶ 9 Knowles also argues that her seconded amended petition was mistakenly filed in case number CJ–2001–1785.[5] She contends that "this error could have been corrected pursuant to Okla. Stat. Ann. Tit. 12, § 30." That statute provides, in part:

> The papers in each case shall be kept in a separate file marked with the title and number of the case. If the court clerk discovers a pleading or other paper which has been filed or submitted for filing that bears an incorrect case number ... the court clerk shall correct the case number ... and enter a notation on the docket sheet of both cases recording the correction. The corrected pleading or other paper shall be placed in the court file bearing the corrected case number.

First, the plain language of this statute refers to two existing cases, not an existing case and a case yet to be filed. Second, it is the duty of every court clerk "to file together and carefully preserve in [the clerk's] office, all papers delivered to [the clerk] for that purpose." 12 O.S.2011 § 29. That is a ministerial function. A court clerk may not refuse to file a noncomplying pleading. *Cotner v. Golden*, 2006 OK 25, ¶ 5, 136 P.3d 630, 632.

¶ 10 The construction of section 30 urged by Knowles would require a court clerk to make a legal determination that a new case number was required because the holding in *Wiley* would render Knowles's second

---

2. The *Wiley* Court noted specifically that "the purpose of § 100 is remedial and its provisions are to be liberally construed." *Wiley, 1988 OK 80,* ¶ 8, 760 P.2d at 184 (footnote omitted). *See In re Estate of Speake, 1987 OK 61,* ¶ 10, 743 P.2d 648, 651 (noting that § 100 is "remedial in nature").

3. *See Valley Vista Dev. Corp. v. City of Broken Arrow,* 1988 OK 140, ¶ 14, 766 P.2d 344, 349 ("[Section 100 was] enacted to avoid the harsh results flowing from the general rule that where an action failed and the statute of limitations had expired during the interim, any subsequent action was untimely. Because the purpose of § 100 is remedial, its provisions are to be liberally construed."); *Cruse v. Bd. of County Comm'rs of Atoka County,* 1995 OK 143, ¶ 8, 910 P.2d 998, 1001 (holding that the "remedial nature and liberal application" of § 100 operate to allow the refiling of a governmental tort claims action within one year from the date the original timely filed governmental tort claims action failed other than on its merits).

4. Likewise, Knowles's reliance on the concurring Opinion in *Johnson v. Goodman, supra* note 1, does not avoid application of *Wiley.* In that Opinion, three Justices expressed the view that an amended petition filed in a dismissed action should be treated as the functional equivalent of a newly filed case and urged the Court to depart from the *"needless* and *excessive* rigidity" of *Wiley. Goodman,* 1997 OK 77, ¶ 1, 941 P.2d at 993 (Opala, J., with whom Summers, V.C.J., and Wilson, J., join, concurring). Knowles cites no case in which the Court has departed from or otherwise limited the holding in *Wiley.*

5. It is not clear what mistake Knowles contends was made or who made it. Her pleading was titled "Second Amended Petition (Refiled)" and the original case number was typed on that pleading before it was submitted to the court clerk for filing.

amended petition insufficient to preserve her claim pursuant to section 100. We find no law imposing on the court clerks of Oklahoma a duty to provide legal advice to litigants. Neither did the Supreme Court in *Wiley*.

¶ 11 If either the court clerk or the district court had the discretion to determine that Wiley's amended petition should have been filed in a new case, and had the authority to take that action, relief could have been ordered. It was not. In fact, the Court concluded that the district court had no authority to proceed in the case despite the filing of the amended petition. "Once a voluntary dismissal has been entered, the trial court is without further jurisdiction in the case." *Wiley*, 1988 OK 80, ¶ 13, 760 P.2d at 186.

¶ 12 The same legal principle is dispositive of Knowles's third issue, that the district court erred in failing to grant her motion to correct the case number. As noted in *Elliott v. McCaleb*, 2006 OK CIV APP 87, ¶ 7, 139 P.3d 253, 255, the district court's jurisdiction after the dismissal of a case extends to only a limited number of proceedings. Consideration of a motion like the one Knowles filed is not one of those proceedings previously recognized as within the district court's jurisdiction after dismissal. Based on the holding in *Wiley*, we conclude that the district court did not have jurisdiction to consider Knowles's motion to assign case number, and therefore did not err in failing to grant that motion.

### CONCLUSION

¶ 13 Within one year after voluntarily dismissing her case against Dr. Bryant, his professional corporation and Midwest Regional Medical Center, Knowles filed a Second Amended Petition in the original case. The filing of the amended petition was ineffective and cannot be construed as a petition in a new case as required by 12 O.S.2011 § 100. The district court did not have jurisdiction to consider the amended petition and properly dismissed Knowles's case with prejudice. That judgment is affirmed. Likewise, for the reasons stated in this Opinion, the district court's dismissal with prejudice of Knowles's suit against the Women's Renaissance Center and defendants Herrera and Neff is also affirmed.

¶ 14 **AFFIRMED.**

BARNES, P.J., and WISEMAN, J., concur.