FILED
United States Court of Appeals
Tenth Circuit

December 11, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| PAUL PEMBERTON, individually and in his capacity as an Oklahoma prisoner, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ROBERT PATTON, Director, ODOC; JUSTIN JONES, former Director, ODOC; DEBBIE L. MORTON, former Administrative Review Authority; MARK KNUTSON, Administrative Review Authority; TIM WILKINSON, Warden, Davis Correctional Facility; M. GENTRY, Chief of Security, Davis Correctional Facility; MR. WILLIAMS, former Principal of Education; REBECCA A. ADAMS, Unit Manager, Davis Correctional Facility; C/O UNDERWOOD, Correctional Officer, Davis Correctional Facility, <br><br> Defendants - Appellees. | No. 18-7026 <br> (D.C. No. 6:14-CV-00511-JHP-SPS) <br> (E.D. Okla.) |

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Plaintiff Paul Pemberton, a prisoner proceeding pro se, appeals from the denial of several motions by the United States District Court for the Eastern District of Oklahoma that relate to the dismissal of an action he had previously filed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We also deny Plaintiff's motions in this court to revisit our prior decision on appeal in his case and to docket his current appeal under the same case number as his prior appeal.

Plaintiff's original action was a claim under 42 U.S.C. § 1983 alleging violations of his First and Fourth Amendment rights. The district court dismissed without prejudice several defendants that had not been properly served and dismissed with prejudice all claims against the other defendants. Plaintiff filed a motion to alter or amend the judgment under Fed. Rule Civ. P. 59(e), which the district court denied. On appeal we upheld the district court's dismissal of the action and its denial of Plaintiff's Rule 59 motion. *See Pemberton v. Patton*, 673 F. App'x 860 (10th Cir. 2016).

Following our decision, Plaintiff filed with the district court a Rule 60 motion in an attempt to relitigate issues already decided by that court and this court. The district court denied that motion in a minute order. Plaintiff also filed a motion to amend and supplement his original complaint and motions for a preliminary injunction, for a waiver of further filing fees, and for an extension of time to serve the unserved defendants and to file an amended complaint. The district court denied those motions in a minute order, explaining:

2

> This action has been dismissed, and Plaintiff cannot reopen and continue the case. Instead, Plaintiff must file a new lawsuit and pay another filing fee or be granted leave to proceed in forma pauperis. No additional requests in this case will be considered by the Court. Forms for filing a new civil rights action are available from the Court Clerk.

*Pemberton v. Patton*, No. 14-cv-00511, ECF No. 93 (E.D. Okla. Apr. 19, 2018). Despite this instruction, Plaintiff thereafter filed another Rule 60 motion and moved to exceed the page limit for that motion. The district court struck the motions in a minute order stating that "no additional requests will be considered in this case." *Id.*, ECF No. 96 (May 17, 2018). Plaintiff appeals the district court's three minute orders denying his various motions. He also separately moves this court for relief from our prior judgment under Rule 60,[1] and moves to bring his current appeal under the same case number as our prior decision.

Because Plaintiff is acting pro se, we will construe his filings liberally, but we will not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We ordinarily review district-court orders denying postjudgment motions for abuse of discretion, s*ee Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005), although we review de novo those rulings on motions under Fed. R. Civ. P. 60(b)(4) asserting that a judgment was void, *see Wilmer v. Bd. of Cty. Comm'rs of Leavenworth Cty.,* 69 F.3d 406, 409 (10th Cir. 1995). Under any standard of review, we affirm the district court's ruling.

---

[1] Although the clerk of court initially declined to file Plaintiff's motion for relief from our prior judgment, the motion was later filed and placed on this court's docket. Plaintiff's objection to the clerk of court's initial action is therefore moot.

Plaintiff first argues that the district court's minute orders violate Fed. R. Civ. P. 52(a) because they do not express the factual findings and legal conclusions underlying each decision. But a court generally "is not required to state findings or conclusions when ruling on a motion." Fed. R. Civ. P. 52(a)(3). Moreover, as the district court advised in its minute order denying Plaintiff's first Rule 60 motion, the factual findings and legal conclusions leading to the dismissal of Plaintiff's action were fully addressed in the previous orders of the district court and this court. The case law on which Plaintiff relies—in which a district court wholly failed to address the arguments underlying a motion, *see Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997); *Gladwell v. Scofield*, 222 F. App'x 750, 752–53 (10th Cir. 2007) (Rule 60 motion)—is thus not in point.

Plaintiff also challenges the district court's denial of his Rule 60 motions on the merits. But those motions merely rehash arguments already decided by this court and are therefore barred by the law-of-the-case doctrine. *See Musacchio v. United States*, 136 S. Ct. 709, 716 (2016) ("The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)). Nor can Plaintiff raise a Rule 60 motion with this court in the first instance. *See* Fed. R. Civ. Proc. 1 (the Federal Rules of Civil Procedure govern "proceedings in the United States district courts"). And even if we were to construe Plaintiff's motion as a petition for panel rehearing, that motion would be untimely. *See* Fed. R. App. Proc. 40(a)(1).

In addition, Plaintiff contests the district court's denial of his motion to amend his complaint and related motions for additional time to serve Defendants and for a preliminary injunction. Before amending a complaint after its dismissal, a plaintiff must first successfully move to reopen his case under Rule 59(e) or Rule 60(b). *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999); *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989). Plaintiff has failed to do so here. Nor can he proceed on his other motions in a closed case. Thus, as the district court advised, he may file a new complaint (and any subsequent motions) only by opening a new case with the appropriate filing fee. Plaintiff cites an Oklahoma statute, 12 Okla. St. Ann. § 100, as authority for filing an amended complaint in this case. But what that statute does is give a plaintiff additional time to file a new complaint in a new case after an earlier case has been dismissed without prejudice; it does not provide for reopening a closed case. *See Knowles v. Bryant*, 283 P.3d 318 (Okla. Civ. App. 2012).

Finally, we deny Plaintiff's motion to bring his current appeal under the same case number as our prior decision. This appeal is separate from Plaintiff's first appeal and was thus properly assigned a new case number.

We **AFFIRM** the district court's denial of Plaintiff's motions.  We **DENY** Plaintiff's motion for relief from this court's prior judgment and his motion for leave to amend the case caption.

Entered for the Court


Harris L Hartz
Circuit Judge