FERGUSON *et al.* v. UNION NAT. BANK OF COLUMBUS, OHIO.

No. 2181, Okla. T.    Opinion Filed January 13, 1909.

(99 Pac. 641.)

1.   APPEAL AND ERROR—"Brief" Defined—Requisites of Brief.   A "brief" is a written presentation of the questions involved in a forensic controversy and of the matters of fact and of law which demand investigation.   The primary object is to convey information to the court, and this cannot be done without clearly stating the manner in which the controverted points arise, the facts which constitute the groundwork of the legal dispute, and the governing propositions of law.

2.   SAME—Necessity of Pointing Out Error.   This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made; but counsel should support the same with argument and citation of authority where possible.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action by the Union National Bank of Columbus, Ohio, against T. J. Ferguson and others.   Judgment for plaintiff, and defendants bring error.   Writ of error dismissed.

*P. S. Nagle,* for plaintiffs in error.

*F. L. Boynton,* for defendant in error.—On requisites of a brief: *Penny v. Fellner,* 6 Okla. 386; *Fargerburg v. Johnson,* 48 Kan. 434.

DUNN, J.   This is an action begun in the district court of Kingfisher county, by the defendant in error against T. J. Ferguson, W. C. Parks, H. L. Battin, J. M. Graham, A. M. Graham, Wm. Thompson, A. L. Shattuck, W. J. Foster, P. S. Carpenter, John P. Dunn, J. W. Rickfords, and John Jordon, upon a certain promissory note.   None of the defendants filed an answer in the cause, with the exception of John Jordon, and on the trial plaintiff dis-

missed the case as to him and asked judgment against the other defaulting defendants who appear in court by their counsel.

On judgment being entered, the defendants filed their petition in error in the Supreme Court of the territory of Oklahoma, and the same is now before us by virtue of our succession to that court.

The petition in error sets up a number of grounds for reversal. In support of this petition in error, counsel files a purported brief, entitled "Brief and Argument of Plaintiffs in Error." This document, omitting the caption and signature, is less than a page in length, and is merely a recitation and statement of the things which counsel contends took place in the court below, followed by a statement that the court erred in ruling on certain of these matters, in addition stating that the presiding judge before whom the case was tried was not the judge of the district, and had no jurisdiction to try the cause. No authorities are cited in support of any of the propositions stated, neither is any argument presented to sustain them, nor any effort whatever made, other than the simple statement mentioned, to show that error was committed. This is not such a brief as is contemplated should be filed in a case by counsel in support of a petition in error in this court, and, while we would probably not dismiss the petition in error on such a brief of our own motion, yet when the question is squarely raised and presented, as it is in this case, by a motion on the part of the defendant in error to dismiss the petition in error for want of a sufficient brief, we cannot ignore the rights of such movant by failing to consider its motion, or if found to be well taken deny it, especially where no motion is made to supplement the purported brief filed.

The Supreme Court of the territory of Oklahoma, in the case of *Penny v. Fellner,* 6 Okla. 386, 50 Pac. 123, had this to say with reference to the requirements expected of a party filing a brief in this court:

"This court will not examine the record filed herein in search of prejudicial errors which are not clearly pointed out and

insisted upon in the brief of the complaining party; but all such errors (if any) will be considered as waived."

The standard authority on procedure in appellate courts, entitled "Appellate Procedure," by Elliot, at section 438, defines a "brief" as understood under our system, as follows:

"A brief is a written presentation of the questions involved in a forensic controversy and of the matters of fact and of law which demand investigation. The primary object is to convey information to the court, and this cannot be done without clearly stating the manner in which the controverted points arise, the facts which constitute the ground-work of the legal dispute, and the governing propositions of law. A subsidiary object is to convince the court where the law and justice of the case lie. In every well-prepared brief will be found a concise and clear statement of the manner in which the questions arise, a succinct and methodical statement of the facts, and a perspicuous array of argument and authorities."

Its requirements are set out in section 444 and 445, as follows:

"It is essential that all points be made in the brief, and properly made; if not so made, they are waived. * * * It is not enough to assert in general terms that a ruling of the trial court is wrong; a fair effort must be made to prove that it is wrong, or the point will not be considered as having been made. Counsel cannot make a point in an appellate tribunal by a naked general assertion, for such an assertion will not be heeded. * * * But, in order to secure so much as notice of the point stated they must support it by a fair effort, adducing argument and, if they can, citing authorities. A bare designation of a ruling as erroneous, without discussion, is not sufficient to entitle counsel to successfully insist that he has made a point. * * * Where a ruling is asserted to be erroneous the party making the assertion must overcome the presumption that it was correct, and this he cannot do otherwise than by specifying the particular error which invalidates the ruling. This rule is required for the assistance and enlightenment of the court. Common fairness to opposing counsel likewise demands it, for they have a right to know just what particular point they are to meet. It is also required by the analogous cases which declare that objections wherever presented must be specific."

From the foregoing it will be readily seen that the so-called brief filed in this case in no particular meets the requirements, and the motion of the defendant in error to dismiss the petition in error is, accordingly, sustained.

All the Justices concur.