## COSGROVE v. JONES.

No. 31717. Dec. 12, 1944.

*154 P. 2d 55.*

Sid White, of Oklahoma City, for plaintiff in error.

Ellmore Pinnick, of Oklahoma City, for defendant in error.

WELCH, J. In justice of the peace court there was verdict and judgment for the defendant Cosgrove, on appeal to the court of common pleas there was instructed verdict, and judgment for plaintiff Jones, and the defendant appeals to this court.

Plaintiff Jones was the owner and defendant Cosgrove was the tenant on the premises involved, on which defendant resided with his family. Plaintiff desired possession of the premises, but there was no contention of failure to pay rent or as to commission of waste by the tenant.

Admittedly the Oklahoma City area, in which the premises is situate, is subject to the rules and regulations of rent control under the Office of Price Administration and the act of Congress relative thereto, so that it was necessary that plaintiff apply for and obtain proper certificate relating to eviction before he could commence his action. The plaintiff here did so proceed, but upon trial it was defendant's theory and contention that plaintiff applied for and obtained said certificate in bad faith or by fraud. See Emergency Price Control Act of (January 30th) 1942 (56 Stat. 23, c. 26, 50 U.S.C.A. Appx. sec. 901,11 F.C.A. Title 50, Appx. 25, sec. 1). See, also, Bowles v. Willingham, 88 L. Ed. 626.

The effective regulations of the Office of Price Administration in such matters provided for an application to be made by a landlord and for the granting of a certificate to proceed in eviction if "the tenant has unreasonably refused the landlord access to the housing accommodations for the purpose of inspection or of showing the accommodations to the prospective purchaser, . . ." or "the landlord seeks in good faith to recover possession for the immediate purpose of demolishing the housing accommodations or of substantially altering or remodeling it in a manner which cannot practicably be done with the tenant in occupancy. . . ." (We here only quote that portion of the regulation which is material to this case.)

Here plaintiff's application for certificate stated in effect that he requested

it on the grounds that "the defendant tenant refused to show the property and threatened the petitioner and that the property is deteriorating badly and in need of substantial repairs which is the reason for wanting the tenant evicted."

Upon trial it was defendant's contention that said statements were untrue and were made in bad faith in pursuance of plantiff's desire and plan to evict defendant for other and different purposes not recognized by nor in harmony with the Emergency Price Control Act or the rules and regulations of the Office of Price Administration. It is not disputed that such evidence may properly be presented and that the issues of fact therein may be properly presented, and require determination, in judicial proceedings.

It is stated as a general rule that in forcible entry and detainer cases the defendant may set up any and all defenses which would bar plaintiff's right of recovery. 36 C. J. S. 1166.

The controversy, then, is whether the evidence was sufficient to go to the jury as defendant contends.

The plaintiff testified generally in support of his contentions, but there was no evidence that the property is deteriorating or that he desired to demolish the building or substantially alter or remodel the same in any manner. Plaintiff did testify that he desired to repaper the house and sand the floors in order to "get it in shape" for sale. He testified that such repairs could not be practicably made with the tenant in occupancy. Whether this conclusion was based upon the nature of the repairs or upon plaintiff's contention that tenant refused to admit plaintiff and his representatives is not disclosed. Further on this point, however, plaintiff testified that "I never did find out all the things I wanted to do, I wanted to sand the floors and paper the house and get it in shape." He then stated, however, that he did not know whether the house is now papered or whether the floors are now sanded, and he based these last statements on his testimony to the effect that the defendant would not permit anyone to see the house.

On the contrary, the defendant testified positively that he had never refused anyone admission to the house, except when they appeared at odd hours which were highly improper in view of defendant's use of the premises as a residence for his family, consisting of himself, wife and grown daughter and younger children. Defendant also testified in effect that the house was well papered and the floors in good condition.

There was some reference to actions of the plaintiff Jones in delaying acceptance of rent payments and in undertaking to proceed at one time as if rent payments had been refused or had not been made, and those actions may or may not have had any bearing upon the question of plaintiff's good faith application for the certificate in reference to eviction; however, they were not thoroughly developed in the trial. There was some curtailment of proof by ruling of the court which may have been improper, in view of the broad latitude allowed in cases where bad faith or fraud are in issue, though no such specific instance is relied upon for reversal.

However, upon defendant's general contention and from the whole record, we are convinced that the trial court erred in instructing a verdict. We conclude that there was conflicting testimony on material issues as above set out, and that upon the whole record there was evidence upon which the minds of jurors might reasonably differ as to the ultimate conclusion to be drawn. See Kramer v. Nichols-Chandler Home Bldg. & Brokerage Co. et al., 93 Okla. 227, 220 P. 338, and authorities there cited. We are convinced that a new trial should be granted and the defendant permitted to fully develop his contention as against plaintiff's good faith in applying for and obtaining the certificate. We do not here conclude or imply that bad faith existed, but conclude from the record that there was

sufficient evidence to require jury determination of the facts and issues.

GIBSON, V.C.J., and HURST, DAVISON, and ARNOLD, JJ., concur.