HARLEY v. JOBE et al.

No. 34959.    Oct. 21, 1952.

*249 P. 2d 468.*

Brown, Cund & Brown, Duncan, for plaintiff in error.

Geo. W. Moser, Comanche, for defendants in error.

PER CURIAM. The parties will be referred to here as designated by the courts below. This action was commenced by the plaintiff, A. N. Harley, against E. V. Jobe and Fred Peck, in the justice court of Duncan township Stephens county. It was tried in the justice court and in the district court upon the same pleadings.

The plaintiff's bill of particulars alleged, in substance: that on August 11, 1948, plaintiff and defendants entered into a written lease whereby plaintiff rented to defendants the south 90 feet, more or less, of a building located on lot 12, block 43, in the town of Comanche, Oklahoma, from September 1, 1948, to January 31, 1949, for a rental of $35 per month, payable in advance. That defendants paid the September rent of $35 but have failed and refused to pay the rent for the months of October, November, December, and January, amounting to $140 and prayed for a judgment for $140 and costs. The defendants by their answer admitted the execution of said lease and the payment of $35, but alleged "that the plaintiff was to clean up the building and deliver possession" on September 1, 1948, which he failed to do and defendants never were in possession of said premises. Defendants prayed that the plaintiff take nothing and that they recover judgment against plaintiff for $35.

Upon the issues thus framed the case was tried in the justice court with a jury of six men. Two verdicts were rendered: one denying plaintiff any recovery and one denying defendants any recovery, and the justice rendered judgment thereon at plaintiff's cost. The plaintiff appealed the case to the district court. It was tried in the district court before a jury. At the conclusion of all the evidence plaintiff moved for a directed verdict. This was overruled and plaintiff excepted. The court submitted the case to the jury and the jury returned a general verdict for the defendants but also denied them any recovery.

A motion for new trial was duly filed by the plaintiff alleging that the verdict was not sustained by sufficient evidence and was contrary to the court's instructions, and that the court committed error in overruling plaintiff's motion for a directed verdict, and alleged "errors of law occurring at the trial and excepted to by the plaintiff." The motion for new trial was overruled, and the plaintiff has duly appealed to this court by petition in error with case-made attached. The petition in error contains seven assignments of error but only three of the assigned errors are presented in plaintiff's briefs.

It is well established that "assignments of error on appeal will be considered and treated as waived by this court where plaintiffs in error fail to argue or cite authorities supporting same in their briefs." Harrington v. City of Tulsa, 170 Okla. 20, 39 P. 2d 120.

For reversal plaintiff first contends that the trial court erred in refusing to sustain plaintiff's motion for a directed verdict; that the verdict and judgment were not sustained by sufficient and competent evidence and that the verdict and judgment are contrary to law and the evidence. Plaintiff then states that all three of said assignments are based on the proposition that there was no competent evidence to sustain the verdict and judgment.

The evidence on the material issues is conflicting. Defendants, admitting execution of the lease, produced testimony that on and shortly prior to September 1, 1948, when they were to have possession of the leased building it was padlocked and that stored therein

were a stove, lumber, a commode and other personal property; that prior to execution of the lease defendant Peck inspected the building with plaintiff and plaintiff said he would clean it out and that he wanted the commode for another building; that a few days before September 1st plaintiff told Peck that he couldn't get the building cleaned out and that then Peck told plaintiff that he didn't want the building.

Plaintiff denied this testimony. He admitted that a former tenant had left the padlock on the door but said the door was not locked. He denied the conversation recited by Peck. Since it is asserted by defendants, as a defense, that possession of the building was never delivered to them, this testimony was competent and pertained to a material issue, and in view of the sharp conflict in the testimony the overruling of the motion for a directed verdict was not error. The cause was one for consideration by the jury.

"In a case in which issues of fact are triable by jury it is error for the court to instruct a verdict if there is conflicting testimony on material issues, and if upon the whole evidence reasonable men as jurors might differ as to the conclusion to be drawn from the proofs offered." Cosgrove v. Jones, 194 Okla. 641, 154 P. 2d 55.

The verdict in the instant case was not unanimous, thus demonstrating disagreement by jurors.

"Where the evidence of a defendant tends to explain and controvert that of the plaintiff and to establish an affirmative defense on the part of the defendant, there is presented an issue of fact to be determined by the trier of the facts and in such case a directed verdict is properly denied." Peoples Finance & Thrift Co. v. Ferrier, 191 Okla. 364, 129 P. 2d 1015.

Defendants pleaded that plaintiff was to clean up the building and deliver possession on September 1, 1948, and did not perform. Again the evidence is in conflict as to what occurred. Plaintiff testified that the building was not locked, defendants said that it was locked, and produced testimony that it was locked even at about the time this action was filed, and was still being used for storage of the aforesaid personal property. The rule governing such situations has been stated as follows:

"Delivery of possession of the demised premises by the lessor to the lessee is necessary to the obligation to the latter to pay rent, and is a condition precedent to the right of the landlord to demand such payment, although the lease contains an express agreement by the tenant to pay rent." 36 C. J., p. 307, §1108; 52 C.J.S. p. 234, §478.

This defense was submitted to the jury under instructions which we consider proper. In fact, no exceptions to the given instructions were saved by either party. The jury returned a verdict in favor of defendants.

"If there is any testimony reasonably tending to support the verdict of the jury, and said verdict has been approved by the trial court, the judgment will not be disturbed on appeal." Walker v. Oklahoma Natural Gas. Co., 188 Okla. 241, 107 P. 2d 997.

Plaintiff further says that the verdict of the jury is contrary to and in disregard of the court's instructions, and cites and discusses one instruction given by the court which was very favorable to plaintiff in presenting plaintiff's theory of the case.

The court likewise instructed the jury on defendants' theory of plaintiff's refusal to deliver possession of the premises. It is evident that the jury deemed the weight of the evidence to be in support of defendants' theory.

We have examined the record and we find no substantial or prejudicial error in the record, and the judgment of the trial court is affirmed.

This court acknowledges the services of Attorneys John Ladner, G. Ellis Gable and A. Allen King, who as Special Masters aided in the preparation of this opinion. These attorneys were

recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.