Vilious G. PETERS, Petitioner,

v.

GOLDEN OIL COMPANY, Travelers Insurance Co., State Industrial Court, Respondents.

No. 51751.

Supreme Court of Oklahoma.

Sept. 11, 1979.

Richard A. Bell, Norman, for petitioner.

Sanders, McElroy & Carpenter, Tulsa, for respondents, Golden Oil Company, Travelers Insurance Co.

LAVENDER, Chief Justice:

The petitioner, Vilious G. Peters, seeks review of an order of the State Industrial Court awarding compensation for permanent partial disability to the body as a whole, but denying compensation for alleged injury resulting from an epileptic condition.

The original order of the State Industrial Court denied compensation to petitioner and he appealed to the court sitting en banc. The court en banc reversed the decision and remanded the claim with instructions to secure competent medical evidence regarding disability from the right arm and shoulder injury. The trial court issued a second order granting compensation for the shoulder injury but found the "epilepsy condition is not job-related and claimant's claim for compensation therefor is denied." Petitioner then brought this appeal urging that the "compensation for injury resulting from his seizure was not adjudicated by the State Industrial Court."

■■■ There are certain basic requirements which must be met in order to appeal an adverse decision to the Supreme Court. Rule 15 of the Rules of the Supreme Court, 12 O.S., Ch. 15, App. 1, sets forth the requisites of a brief. Of importance to this case,

> The contentions of the parties must be set forth in separate specifications, and the argument and authorities in support of each specification must follow the statement thereof.

It is well settled that assignments of error presented by counsel in their brief which are entirely unsupported by any authority will not be noticed by the Court unless it is apparent, without further research, that they are well taken. *Title Guaranty & Surety Co. v. Slinker*, 35 Okl. 128, 128 P. 696 (1912); *Casualty Reciprocal Exchange v. Waggoner Drilling Co.*, 340 P.2d 490 (Okl. 1959). Assignments of error which are not argued or supported in the brief with citations of authority will be considered and treated as waived by this Court. *Harley v. Jobe*, 207 Okl. 296, 249 P.2d 468 (1952); *Hawkins v. McElhanon*, 315 P.2d 667 (Okl. 1957). Finally, the Court will not search the record for prejudicial error not pointed out in the brief of the complaining party and a mere assertion, in general terms, that the ruling of the trial court is wrong will not be considered as having been made. *Ferguson v. Union National Bank*, 23 Okl. 37, 99 P. 641 (1909); *Mires v. Hogan*, 97 Okl. 130, 222 P. 985 (1924); *Grand Lodge, Brotherhood of Railroad Trainmen v. Scott*, 147 Okl. 161, 297 P. 269 (1931).

■■■ The petitioner in this case has not cited any authority in support of his proposition or made arguments convincing the Court to reverse the decision of the trial court. The petitioner has the burden of proof to disclose, by his brief, sufficient argument and authority to overcome the presumption of the correctness of the judgment of the trial court. *Wilhite v. Brin*, 178 Okl. 339, 62 P.2d 1240 (1936); *Douglas v. Martin*, 204 Okl. 264, 228 P.2d 1021 (1951); *Mead v. Mead*, 301 P.2d 691 (Okl.1956). The assertion that a matter was not adjudicated, absent supporting authority and argument, does not raise an issue for this Court to consider.

The order of the State Industrial Court is sustained.

IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS, DOOLIN, and HARGRAVE, JJ., concur.

OPALA, J., certified his disqualification.