Gary MEDLIN, an individual, and Dawn Medlin, an individual, Appellants,

v.

TEXACO INC., Appellee,

v.

SHERWOOD CONSTRUCTION COMPANY, INC. (now Sherwood South, Inc.), Midwest Environmental Services, Inc., Hemphill Corporation, Sinclair Oil Corporation, and Wildcat Construction Company, Inc., Defendants.

No. 86827.

Court of Appeals of Oklahoma, Division No. 4.

Aug. 6, 1996.

Certiorari Denied Oct. 23, 1996.

Gary L. Richardson, Charles L. Richardson, Brad Smith, Richardson & Stoope, Tulsa, for Appellants.

Gary Davis, Stephen L. Degiusti, Crowe & Dunlevy, Oklahoma City, for Appellee.

RAPP, Chief Judge.

Trial court plaintiffs, Gary and Dawn Medlin, appeal the trial court's order dismissing as time-barred their claims against defendant, Texaco. The issue presented is whether plaintiffs' amendment of an existing petition to add Texaco as a defendant after plaintiffs had voluntarily dismissed Texaco without prejudice, constituted a "new action" within the one-year savings provisions of 12 O.S.1991, § 100.

Plaintiffs brought this personal injury action against five defendants, including Texaco, on May 20, 1993. Plaintiffs alleged that Gary Medlin was injured on October 1, 1991, while helping to remove toxic waste in old buried drums on Tulsa Riverparks park land. Texaco previously owned the land where the drums were found and also owned the adjoining refinery property, and probably, plaintiffs contend, buried the toxic waste during its ownership.

On April 12, 1994, Texaco filed a motion for summary judgment. Before the hearing on the motion, Sinclair Oil Corporation, a defendant in plaintiff's lawsuit, removed the action to the United States District Court on July 18. Unaware of the removal, plaintiffs dismissed their claims against Texaco in state court without prejudice on July 20, 1994. On August 15, 1994, Plaintiffs filed a dismissal without prejudice of their claims against Texaco in federal court. The other defendants remained in the lawsuit.

Then, on October 8, 1994, plaintiffs filed a motion for leave to file an amended complaint in federal court to add Texaco back as a defendant on the grounds that "[o]ngoing research and discovery ... have recently provided Plaintiffs with new information that implicates Texaco, Inc., as one of the parties who created the hazard that injured Plaintiff Gary Medlin." In a special appearance, Texaco objected to the motion to amend. Texaco argues that an amended petition is not a "new action" and therefore does not come within the one-year savings provision of 12 O.S.1991, § 100, after a dismissal that is not on the merits. Texaco conceded that since plaintiffs "voluntarily dismissed their action against Texaco without prejudice on August 15, 1994, they may again sue Texaco so long

as the new action is commenced by August 15, 1995."

The federal court did not rule on the motion to amend because it remanded the action to state court on November 29, 1994. Plaintiffs therefore filed, on January 4, 1995, a motion for leave to file an amended petition in state court to add Texaco back as a defendant. Two days later, plaintiffs obtained an *ex parte* order granting the motion to amend from a judge who was not assigned to the case, who signed for another judge who was not assigned to the case. The amended petition was filed on January 11, 1995.

Texaco filed a motion to vacate the order granting the motion to amend, which was overruled. Then, Texaco entered a special appearance and moved to dismiss plaintiffs' amended petition on the grounds that it did not satisfy the requisites of 12 O.S.1991, § 100, and was therefore time-barred. The court granted the motion and dismissed plaintiffs' claims against Texaco. In its order, the court stated that plaintiffs "failed to properly bring themselves within the ambit of 12 O.S.1991, § 100," and that the claims against Texaco were therefore time-barred. Plaintiffs appeal the dismissal of their claims against Texaco.[1]

In determining whether plaintiffs' claims against Texaco are time-barred, it is necessary to consider the language of the savings statute which provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

12 O.S.1991, § 100.

It is clear that the injury occurred on October 1, 1991, and that the original lawsuit was filed on May 20, 1993, which was within the two-year statute of limitations for negligence. Plaintiffs dismissed their claims on August 15, 1994. Since the dismissal was not on the merits, the savings statute gave plaintiffs one more year to file a "new action" from the date of dismissal. Thus, plaintiffs had until August 15, 1995, to commence a new action against Texaco. The amended petition was filed on January 11, 1995. The issue is therefore whether the filing of the amended petition in the original, *still open* case was sufficient to constitute the commencement of a new action under the savings statute.

Plaintiffs assert that since there was a petition still pending against the other defendants arising out of the same occurrence, the amendment of the pending petition to add Texaco to the lawsuit was sufficient to satisfy the requirements of the savings statute. Otherwise, plaintiffs would have been required to open a new separate action against Texaco regarding the same facts as the pending lawsuit, and then have moved to consolidate the new, separate action with the pending action.

On the other hand, Texaco argues that the only method for plaintiffs to have saved their action was to have opened such a new action. Texaco relies on the "new action" language of section 100 and *Wiley Elec., Inc. v. Brantley,* 760 P.2d 182 (Okla.1988).

Texaco's reliance on *Wiley* is misplaced. The plaintiff in *Wiley* obtained a summary judgment against one defendant, and entered dismissals without prejudice against the only two remaining defendants. This then resulted in complete dismissal of the cause of action or case. Plaintiff subsequently, within the one-year period, attempted to refile the same cause of action against the original three defendants by filing an amended petition under the same case number used in the original action. The supreme court held that after dismissal of the parties, there was no petition pending which would be subject to amendment, and the trial court lost jurisdiction of the matter. The court held that, to obtain jurisdiction, a new suit must be filed,

---

1. The court found that its order entirely disposed of plaintiffs' claims against Texaco and that there was no just reason for delay in entering a final judgment in favor of Texaco. The other defendants are not involved in this appeal.

and that an amended petition is insufficient to avail a party of the savings provisions of 12 O.S.1981 § 100 where no petition is pending which would be subject to amendment. The court stated:

> Precedent teaches that: (1) section 100 is intended to preserve the right to commence a new action for the same causes as in the original action and to allow a trial on the merits;
>
> . . . .
>
> (5) the purpose of § 100 is remedial and its provisions are to be liberally construed. However, this Court has not decided the precise issue presented here—whether in order to take advantage of the savings provision of § 100 a new case must be filed or whether it is sufficient to file a petition in the same action previously dismissed. (Footnotes omitted.) *Id.* at 184.

The court also, as its topic lead into the second section of the opinion, stated that "an amended petition will not operate to avail a party of the savings provisions of 12 O.S.1981 § 100 where no cause is pending subject to amendment." *Id.* at 186.

*Wiley* is therefore not applicable to the facts before us. The trial court, in *Wiley,* lost jurisdiction over the defendants by their dismissal, thereby removing any cause of action then before the court. Thus, there was no petition pending which could be amended. Here, there was an existing action pending against defendants other than Texaco, and the trial court still had jurisdiction. Plaintiffs had the right to file their amended petition in this present, ongoing action. They were not required under section 100 to open a new action and then move to have it consolidated with the existing action in order to comply with the savings provision of section 100. As pointed out by *Wiley,* all that was here required was to obtain permission of the trial court under 12 O.S.Supp.1995, § 2015, which the plaintiffs did do, *ex parte.* The filing of the amended petition in the original case with leave of court within the one-year period satisfied the requirements of section 100. Thus, plaintiffs' claims against Texaco were not time-barred.

The trial court erred in granting Texaco's motion to dismiss. The decision is reversed and remanded for further proceedings.

REVERSED AND REMANDED WITH INSTRUCTIONS.

TAYLOR, P.J., and REIF, J., concur.