2006 OK CIV APP 95

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
**Plaintiff/Appellee,**

v.

**Mark CRUTCHFIELD,**
**Defendant/Appellant,**

and

**Jane Doe, his spouse, if married; and Occupants of the Premises,**
**Defendants.**

**No. 101,789.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

July 20, 2006.

Stephen J. Moriarty, Leif Swedlow, Jennifer B. Scott, Andrews Davis, P.C., Oklahoma City, OK, for Plaintiff/Appellee.

Mark Crutchfield, Pro se.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶1 Mortgage Electronic Registration Systems, Inc. (MERS) brought an *in rem* action July 30, 2002, to foreclose the mortgage on a house located in Oklahoma City. MERS attempted personal service on Mark Crutchfield, as record owner, by certified mail, return receipt requested, with the "restricted delivery" fee paid (but not stamped "restricted delivery") and sent to a Brooklyn, New York address. The green return receipt card bore an illegible signature. Crutchfield did not answer the lawsuit and a default judgment was entered against him November 1, 2002 for $91,933.59 plus interest at 9.125%. Crutchfield claimed he did not sign the green card and that he did not receive notice of the lawsuit. He filed a Petition to Vacate the default judgment September 23, 2003 which the trial court denied. Crutchfield's Motion to Reconsider was also denied. We hold that the Oklahoma County District Court did not have personal jurisdiction over Crutchfield because personal service was not properly effectuated. Therefore we reverse the denial of the Petition to Vacate.

¶2 "The standard of review of a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion." *Ferguson Enterprises, Inc. v. H.Webb Enterprises, Inc.*, 2000 OK 78, ¶5, 13 P.3d 480, 482. With this principle guiding our review, we address Crutchfield's five allegations of error in the order presented.

### PROCEEDINGS IN THE WESTERN DISTRICT OF OKLAHOMA

¶3 First, Crutchfield contends that the trial court impermissibly relied on an order of the District Court of the Western District of Oklahoma, which the Tenth Circuit subsequently vacated on the ground that the court lacked subject matter jurisdiction. That case is not the case at bar which Crutchfield had removed and then the federal court subsequently remanded. The case Crutchfield complains of is a different case in which he sued not only MERS, but Countrywide Home Loans as well. That case had a different number, 03–CIV–110–F, from the case on remand, 03–CIV–645–F. That case

is not before this court. Further, there is no evidence that the Oklahoma district court relied on a collateral federal court order in making its decision. We presume that the case on remand proceeded properly. The parties do not tell us differently. There is no error on this account.

### PERSONAL JURISDICTION

¶4 Crutchfield's second contention of error, that the trial court failed to acquire personal jurisdiction over him because of failure of service of process, is well taken. "A default judgment is void if the court did not have jurisdiction over the parties." *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.*, 2000 OK 78, ¶5, 13 P.3d 480, 482. "If the record does not reflect that personal service has been made on the defendant, the court lacks in personam jurisdiction over the defendant and any default judgment rendered thereon is void and subject to vacation." *Id.* at ¶11, p. 483.

¶5 Title 12 O.S.2001 § 2004(C)(2)(c) provides:

Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant. Acceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the defendant's dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed. In the case of an entity described in division (3) of subparagraph c of paragraph 1 of this subsection, acceptance or refusal by any officer or by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed. A return receipt signed at such registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail.

* * *

If delivery of the process is refused, upon the receipt of notice of such refusal and at least ten (10) days before applying for entry of default, the person elected by plaintiff pursuant to subparagraph a of this paragraph to serve the process shall mail to the defendant by first-class mail a copy of the summons and petition and a notice prepared by the plaintiff that despite such refusal the case will proceed and that judgment by default will be rendered against him unless he appears to defend the suit. **Any default or judgment by default shall be set aside upon motion of the defendant in the manner prescribed in Section 1031.1 of this title if the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an unauthorized person.** A petition shall be filed within one (1) year after the defendant has notice of the default or judgment by default but in no event more than two (2) years after the filing of the judgment. (Emphasis added.)

¶6 Crutchfield filed his Motion to Vacate September 22, 2003 alleging 12 O.S.2001 § 1031(2)(4) and (9) grounds: that he did not have actual notice of the pendency of the action at the time of the filing of the judgment or order; fraud exercised by the successful party (because MERS knew of his attempt to rescind the mortgage pursuant to the federal Truth in Lending Act); and for taking a judgment upon warrants of attorney for more than was due. The Journal Entry of Judgment recites that the "... Court finds that the Defendants, Mark Crutchfield a/k/a Mark E. Crutchfield and Jane Doe, his spouse, if married, were personally served with summons in the manner required by law and have failed to answer, otherwise plead or appear herein. The Court approves the services as meeting the statutory requirements and the Defendants are in default and are hereby adjudged to be in default." Crutchfield filed his Motion to Reconsider March 22, 2004 restating that he did not sign the green card, that the mailing was not "restricted," that the mailing was to a commercial mailbox service, not an abode or dwelling, and was signed by someone not

authorized by him to receive service. He re-alleged MERS' fraud. The motion was denied May 28, 2004.[1]

¶ 7 We find that the judgment roll reveals that Crutchfield did not sign the green card. MERS admits in its Answer Brief that someone besides Crutchfield signed the green card.[2] In addition, MERS had exemplars of Crutchfield's signature. He had sent letters of rescission to MERS and Country Wide Homes two weeks before entry of the default judgment. These letters contained his signature which in no way resembles that on the green card. The green card, although the restricted fee was paid, was not stamped "restricted." Crutchfield, representing himself, signed his Petition to Vacate. A comparison of Crutchfield's signature on court pleadings with the signature appearing on the receipt card demonstrates the difference in signatures. Crutchfield also showed that the address was not a dwelling place. As a result of lack of service, the court did not have jurisdiction over Crutchfield and the default judgment is void. These conclusions we draw from the judgment roll which is comprised of the "... petition, process, and return, as well as pleadings, reports, verdicts, orders, and judgments." *Washington Mutual Bank FA v. Farhat Enterprises, Inc.*, 2003 OK CIV APP 78, ¶ 16, 77 P.3d 1103, 1109, citing *Elliott v. City of Guthrie*, 1986 OK 59, ¶ 7, n. 8, 725 P.2d 861, 863, n. 8.

■ ¶ 8 However, because Crutchfield filed a Motion to Vacate which included a "nonjurisdictional" ground, that is in this case, § 1031(4) "For fraud, practiced by the successful party, in obtaining a judgment or order," (fraud in the procurement), MERS contended that he made a general appearance and waived objection to lack of jurisdiction over his person. MERS cites *Geo. O. Richardson Machinery Co. v. Scott*, 276 U.S. 128, 133, 48 S.Ct. 264, 72 L.Ed. 497 (1928), for Oklahoma's rule that since its founding:

> ... it has been the settled law of Oklahoma that, where a person against whom a judgment is rendered files a petition to vacate the judgment upon the ground that the court had no jurisdiction of the defendant, and the petition is based also on nonjurisdictional grounds, such as those mentioned in subparagraphs fourth and seventh of section 810, the filing of the petition operates as a voluntary general appearance, with the same effect as if such appearance had been made at the trial.

¶ 9 MERS also cites *Mobley v. State ex rel. Commissioners of Land Office*, 1947 OK 49, ¶ 25, 177 P.2d 503, 507 for an explanation of the rule "... that where a judgment is rendered without service or notice to defendants, who thereafter file a motion to vacate the same, alleging both jurisdictional and nonjurisdictional grounds thereby making a general appearance, the effect of which waives all defects in the citation or notice, and cures any defect in the judgment existing by reason of lack of service of summons or other notice. The reason of the rule is that a person should not be permitted to challenge the jurisdiction of the court over him, and at the same time invoke its jurisdiction by asking relief."

¶ 10 However, *Griffin v. Jones*, 1914 OK 615, 147 P. 1024, 1027 criticizes this rule when applied after judgment.

> The rule established by this court, following the decisions of the Supreme Court of Kansas in holding that a general appearance, after rendition of judgment, has the effect to validate a void judgment, often results in hardships, and, in effect, a denial of justice, and should not be extended beyond the reason of such rule. It has been said that a judgment which is void for want of service is no judgment at all; and to hold that after a judgment in form only has been entered against a party, which in fact and in law is no judgment, by his appearance in an effort to relieve himself from such judgment which is apparently valid, but which in fact is void, is carrying

---

1. For the purpose of answering the essential question in this appeal, we have trimmed the proceedings of their accoutrements, such as the removal to federal court, then remand; the Sheriff's Sale; and the challenge to the Order Confirming Sale.

2. Answer Brief of Plaintiff/Appellee at p. 11: "The receipt does bear the signature of Sam Ganz, the manager of PostNet."

the rule of estoppel and waiver to the extreme. Not only have defendants never had their day in court, but they have had no opportunity to have it, and without any fault on their part. If they have done nothing to forfeit their constitutional rights of a hearing, the right to appear and defend, other than to waive the jurisdiction of the court over their person in an effort to secure their legal right in an orderly manner, and if irregularities appear upon the face of the record affecting their substantial rights, what valid reason can be assigned why they should not now be allowed their day in court? We are told that, although this judgment was void prior to defendants' appearance, yet by appearing and on account of their indiscretion in challenging the judgment as inequitable, as well as on the grounds of jurisdiction of the court, they have waived all irregularities and error, and are now estopped from raising any questions, other than jurisdictional; that it matters not how unjust and inequitable the judgment may be, notwithstanding the trial court may have grossly misconceived its authority and duty, and by reason whereof prejudicial error is obvious, yet the court is not warranted in granting relief. We are unwilling to subscribe to this doctrine.

* * *

We are of the opinion from the foregoing authorities that the rule supported by reason is that, when a motion to vacate a judgment under section 5274, Rev. Laws 1910, is filed, and the party's motion alleges jurisdictional as well as nonjurisdictional grounds, he thereby makes a general appearance and waives jurisdiction over his person. Notwithstanding this fact, it is the duty of the court to investigate and ascertain whether or not the proceedings resulting in the judgment and the judgment itself are so irregular that they would be held to be fatal upon appeal direct from the judgment, and that in case injustice has been done, and it is clear the judgment is inequitable, it should be vacated, to the end that the controversy may be heard upon the merits in the interest of justice.

¶ 11 A panel of this court has previously stated that "We are unwilling to subscribe to this doctrine." *Washington Mutual Bank, FA v. Farhat Enterprises, Inc.,* 2003 OK CIV APP 78, 77 P.3d 1103, 1109. We believe that § 2004(C)(2)(c) provides ample authority that joining non-jurisdictional with jurisdictional grounds in a petition to vacate a default judgment does not waive *all* defects in service. The Oklahoma Legislature has provided that:

Any default or judgment by default *shall* be set aside upon motion of the defendant in the manner prescribed in Section 1031.1 of the title if the defendant demonstrates to the court that the return receipt was signed or delivery was refused by an unauthorized person. (Emphasis added.)

¶ 12 Until 1984 and the adoption of the "new pleading code," 12 O.S. Supp.1984 § 2001 et seq., service of summons by mail outside of Oklahoma was made in the same manner as within the State. 12 O.S.1981 § 170.4. Service of process within the State was "by certified mail with a request for a return receipt from addressee only." 12 O.S. 1981 § 153.1(b). Further, defects in the form of the return of a summons did not constitute grounds for quashing the summons or its service. 12 O.S.1981 § 154.2. Prior to 1984, our law was silent with respect to mandating the trial court to set aside a default judgment upon motion of a defendant who demonstrated that the return receipt was signed or delivery was refused by an unauthorized person. The motion to vacate was required to be filed within one year after the defendant had notice of the default judgment, but in no event, no more than two years after the default judgment. It is telling that none of the cases cited by MERS postdates 1983.

¶ 13 It makes no sense that including other grounds in a petition to vacate a default judgment, which is considered void if there was no proper service, can then make the void judgment valid.

¶ 14 We also reject MERS' argument that Crutchfield's agreement with a commercial mail receiving agency is the equivalent to appointment of an agent to receive service of process. Under § 2004(C)(2)(c), acceptance

by someone other than the defendant of certified mail is authorized in cases where mail service is sent to the defendant's dwelling house or usual place of abode, or where the defendant is a domestic or foreign corporation, partnership, or unincorporated association, if by an officer, or employee authorized to or who regularly receives certified mail. There is no similar provision for an individual defendant.

¶ 15 MERS admits in its brief that Crutchfield did not sign the green card. The trial court abused its discretion when it denied the Petition to Vacate the default judgment. It did not have jurisdiction over the person of Crutchfield and the entry of the default judgment was therefore void. We vacate the default judgment and remand the case on this ground.

### DEFAULT JUDGMENTS ARE NOT FAVORED

¶ 16 For his third argument, Crutchfield states that even if we were to find that service was good, we should vacate the default judgment because default judgments are not favored. In *Midkiff v. Luckey*, 1966 OK 49, 412 P.2d 175, the Oklahoma Supreme Court found that there was no error when the trial court set aside an entry of default judgment against defendant company when it was shown that the company president fol-

lowed his normal procedure for handling receipt of service of summons, but because of a previous fire and the consequent water and smoke damage and office papers being moved, there resulted the papers being misplaced or lost. Defendant company's Petition to Vacate on the ground of unavoidable casualty and misfortune preventing it from defending the suit, was granted.[3] However, we do not need to address this issue because we have found that the judgment was void on the ground that service was not properly effectuated.

### THE CONFIRMATION OF SALE ORDER

■ ¶ 17 Next, Crutchfield claims that the trial court abused its discretion when it refused to vacate the confirmation of sale order.[4] He states in particular that the sale impermissibly endorsed a forced sale of homestead property in violation of 31 O.S. § 1 A.[5] Without answering specifically, MERS responded below that only questions relating to the sale may be heard when objecting to a confirmation of a sale of real estate, citing *Sandridge v. Home Building & Loan Association*, 1935 OK 407, 44 P.2d 944.[6] Because Crutchfield placed evidence before the court that the house was homesteaded and because we have found that the default judgment must be vacated, fact questions

---

**3.** 12 O.S.2001 § 1031: The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending; ....

The extant law applicable to *Midkiff* did not differ substantively. 12 O.S.1961 § 1031: The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending.

**4.** Crutchfield also complained that the court relied on the "void for lack of subject matter jurisdiction" federal decision. However, we have already dealt with that issue and found that the court did not rely on it.

**5.** 31 O.S.2001 § 1(A): Except as otherwise provided in this title and notwithstanding subsection

B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

1. The home of such person, provided that such home is the principal residence of such person; ....

**6.** On appeal, MERS filed a Motion to Dismiss or Limit Appeal which the Oklahoma Supreme Court denied in an Order filed May 2, 2005. MERS renewed its Motion with respect to the Confirmation Order in its Response Brief on the ground that the Supreme Court's order was not entered with prejudice. However, "[i]f the Supreme Court's order denies the motion to dismiss but is *silent* with respect to its ruling's effect on the challenge's renewability, the ruling—regarded in law as *implicitly* 'without prejudice to renewal' may not be re-examined by the Court of Appeals, a tribunal inferior to the Supreme Court." *LCR, Inc. v. Linwood Properties*, 1996 OK 73, ¶ 6, 918 P.2d 1388, 1391.

such as whether the loan was assumed by Crutchfield (whether the mortgage is a purchase money mortgage which the mortgage holder may foreclose upon default) and whether the house is in fact still a homestead or whether Crutchfield has abandoned his legal status pursuant to *Jones, Givens, Gotcher & Bogan v. Berger*, 46 P.3d 698, 2002 OK 31, are questions which will be answered by the trial court.

### THE TRIAL COURT WILL ALSO ANSWER WHETHER MERS HAS STANDING TO SUE

¶18 Crutchfield claims that MERS, acting in its individual capacity, does not have standing to sue. He claims that MERS does not fall within an exception to the requirement of registration with the Secretary of State provided by 18 O.S.2001 § 1137. MERS responds that it falls squarely within an exception, that of § 1132, for foreign corporations which collect debts or enforces rights in property securing the same. Because the matter is vacated and remanded, the question will be decided by the trial court.

¶19 The default judgment is VACATED. The case is REMANDED with directions to proceed in a manner consistent with this opinion.

ADAMS, J., and MITCHELL, P.J., concur.