2016 OK CIV APP 48

**MANGUM OIL AND GAS,**
**Plaintiff/Appellee,**

v.

**Travis Scott MAYABB,**
**Defendant/Appellant.**

**Case No. 113,263**

Court of Civil Appeals of Oklahoma,
Division No. 2,
**DIVISION II.**

Decided: 11/17/2015

Mandate Issued: 07/18/2016

Rehearing Denied December 21, 2015

Gary L. Cantrell, Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Tabitha L. Mills, Latham, Nelson & Associates, Altus, Oklahoma, for Defendant/Appellant.

OPINION BY JANE P. WISEMAN, JUDGE:

¶1 Travis Scott Mayabb appeals a judgment in small claims court in favor of Mangum Oil and Gas. On review, we affirm the court's judgment.

## BACKGROUND

¶2 On November 20, 2009, Plaintiff Mangum Oil & Gas filed a petition against Travis Scott Mayabb seeking to recover a debt of $3,043 for fuel. The petition was filed in small claims court, but was not compliant with the small claims format or procedure. Mangum filed no small claims affidavit, and gave Mayabb notice by the process provided in 12 O.S. § 2004, rather than the small claims procedure specified in 12 O.S. § 1753. Mayabb did not respond and no small claims appearance date was set. More than two years later, Mangum moved for a default judgment from the small claims court, which the court granted on January 17, 2012. Mayabb moved to vacate this default, arguing that Mangum had never obtained personal jurisdiction over him because the required small claims procedures of 12 O.S. § 1753 were not followed. The trial court found that the small claims procedure in § 1753 is "not the only way to initiate and start a case in these small claims proceedings" and refused to vacate the default judgment.[1] This Court disagreed and vacated the default judgment in November 2013 in Case No. 110,640 (*Mangum I*).[2]

¶3 After this decision, and before mandate, Mangum filed and served Mayabb with the required small claims affidavit and notice of hearing, following the 12 O.S.2011 § 1753 small claims procedure and using the same case number as the original suit. Mayabb filed a counterclaim in the case. At trial in

August 2014, the small claims court denied Mayabb's counterclaim and found in favor of Mangum in the amount of $6,234 for fuel and $6,250 in attorney fees. Mayabb now appeals for the second time, arguing that Mangum was required by 12 O.S.2011 § 100 to file a new case after our decision in *Mangum I*, rather than file and serve a properly compliant affidavit in the existing case. Mayabb argues that Mangum has therefore failed to survive the statute of limitations on its debt claim.

## STANDARD OF REVIEW

■ ¶4 The question of the district court's interpretation of the small claims statute and procedure, and the operation of § 100, are questions of law. The standard of review for questions of law is *de novo*. *K & H Well Serv., Inc. v. Tcina*, 2002 OK 62, ¶9, 51 P.3d 1219.

## ANALYSIS

### I. SECTION 100 AND "NEW ACTIONS"

■ ¶5 Mayabb's petition in error lists eight propositions seeking reversal. His brief, however, addresses only one core issue: the argument that the statute of limitations on the debt has expired because the current action was filed under the same case number as the case decided in *Mangum I*, and hence Mangum is not entitled to the benefits of the 12 O.S.2011 § 100 "savings clause."

¶6 Section 100 states:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

---

1. This decision was made by the trial judge to whom the case was previously assigned; the case was subsequently assigned to the present trial judge.

2. *Mangum Oil & Gas v. Mayabb*, 2014 OK CIV APP 15, 320 P.3d 528.

12 O.S.2011 § 100. Mayabb interprets the statutory phrase "commence a new action" as requiring that Mangum file its small claims affidavit under a new case number. He then argues that, because no "new" case was filed within one year of the reversal on appeal in 2013, and the three-year statute of limitations on the underlying debt has now expired, Mangum's claim is barred.

■ ¶ 7 This court's decision in *Knowles v. Thomas R. Bryant, M.D., P.C.*, 2012 OK CIV APP 64, ¶ 13, 283 P.3d 318, confirms that, when an action is dismissed, a party must file a new case, with a new case number, to take advantage of the § 100 savings clause. The first question to be addressed is whether this is a case that involves § 100 at all, as the current case does not appear to involve a dismissal.

¶ 8 The parties cite *Medlin v. Texaco Inc.*, 1996 OK CIV APP 96, 926 P.2d 804, and *Wiley Electric, Inc. v. Brantley*, 1988 OK 80, 760 P.2d 182, as authoritative. In *Wiley*, the Supreme Court noted that .

> Under § 684, a party has an absolute right to dismiss an action on payment of costs, at any time before a request for affirmative relief has been filed in the action. Once a voluntary dismissal has been entered, the trial court is without further jurisdiction in the case. Were we to hold that the filing of a new petition in a previously dismissed case was sufficient to avail a party of the savings provision of § 100, we would be creating an unnecessary conflict between the savings clause which calls for the filing of a "new action" and a § 684 dismissal which has been held to eliminate the trial court's jurisdiction.[3]

*Id.* ¶ 13 (footnotes omitted).

¶ 9 The plaintiff in *Wiley* obtained a summary judgment against one defendant and entered dismissals without prejudice against the two remaining defendants. *Id.* ¶ 3. *Wiley* is clear that, if there is a complete dismissal and *no remaining case before the court*, the case cannot be revived as the same action, and it must be filed as "a new action." As stated in both *Wiley* and *Medlin*, "'an amended petition will not operate to avail a

party of the savings provisions of 12 O.S.1981 § 100 where no cause is pending subject to amendment.'" *Medlin,* 1996 OK CIV APP 96, ¶ 11, 926 P.2d 804 (quoting *Wiley,* 1988 OK 80, ¶ 15, 760 P.2d 182).. .

¶ 10 In *Medlin*, by comparison, Medlin dismissed one defendant (Texaco) but two others remained. *Medlin*, 1996 OK CIV APP 96, ¶ 3, 926 P.2d 804. This Court held that Texaco could later be added back to the case by amendment without filing a "new action" and that Medlin's claim against Texaco was still "saved" by § 100 against a statute of limitations defense. *Id.* ¶ 12. These cases illustrate the principle that a new petition is necessary to invoke the savings clause if the prior case is completely dismissed.

¶ 11 In the matter before us, Mangum did not dismiss its case. Therefore, § 100 is implicated only if our opinion in *Mangum I* constitutes a dismissal or a "failure" "otherwise than upon the merits" of the prior case. As this Court noted in *Mangum I,* Mayabb was not served with process "substantially compliant" with the required small claims affidavit and notice of a trial date, but instead was served with a petition and summons, with no trial date. As we stated: "The question in this appeal is whether the small claims court obtained jurisdiction over Mayabb, and could therefore grant default judgment against him," and "[f]or the reasons set forth below, we vacate the default judgment." *Id.* ¶¶ 1, 3.

¶ 12 The vacation of a default judgment is not considered to be a failure of the case. *See, e.g., Crawford v. Gipson*, 1982 OK 31, ¶ 16, 642 P.2d 248 ("We vacate the default judgment and remand for trial on the merits."); *Mortgage Elec. Registration Sys., Inc. v. Crutchfield*, 2006 OK CIV APP 95, ¶ 15, 144 P.3d 196, (The court "did not have jurisdiction over the person of Crutchfield and the entry of the default judgment was therefore void. We vacate the default judgment and remand the case on this ground."). Nor are orders vacating a court's decisions based on lack of jurisdiction usually considered to be dismissals or failures of the case. *See, e.g.,*

---

3. *Wiley* was decided under a previous version of 12 O.S. § 684, but subsequent amendments to

this section do not affect our analysis on this issue.

*Morris v. Manor*, 1999 OK CIV APP 59, ¶ 1, 984 P.2d 254 ("The Workers' Compensation Court, as a court of limited jurisdiction, lacked authority to enter the order [in question]. Consequently, we vacate it.").

¶ 13 We further note that, in other circumstances, the Supreme Court has treated dismissals due to improper petitions as curable by filing an amended petition in the same case. *See HSBC Bank USA v. Lyon*, 2012 OK 10, 276 P.3d 1002; *Deutsche Bank Nat'l Trust Co. v. Roesler*, 2015 OK CIV APP 36, ¶ 18, 348 P.3d 707 ("*Lyon* inherently holds that an 'amended' petition filed after a dismissal is legally an *initial petition* for the purposes of 'standing' to enforce a note, even though it is filed under the same case number.").

¶ 14 Our opinion in *Mangum I* did not constitute a dismissal or a "failure" of the prior case. It simply vacated a defective default judgment because the district court lacked jurisdiction over Mayabb to grant default judgment against him on the grounds of improper process. Although the default judgment was vacated, the underlying case was not dismissed but remained in existence, and following the appeal, Mangum was free to pursue its claim by following the appropriate small claims procedure. Section 100 was therefore not implicated, and Mangum was not required to file a new case in this matter.

## II. OTHER ALLEGATIONS OF ERROR

 ¶ 15 In his appellate briefing, Mayabb did not mention, argue, or cite authority for his remaining allegations of error. "Assignments of error which are not argued or supported in the brief with citations of authority will be considered and treated as waived by this Court." *Peters v. Golden Oil Co*, 1979 OK 123, ¶ 3, 600 P.2d 330. Oklahoma Supreme Court Rule 1.11(k) further provides: "Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Argument without supporting authority will not be considered." Okla. Sup. Ct. R. 1.11(k)(1), 12 O.S. Supp. 2014, ch. 15, app. 1. "[T]he Court will not search the record for prejudicial error not pointed out in the brief of the complaining party...." *Peters*, 1979 OK 123, ¶ 3, 600 P.2d 330. We therefore deem these remaining assignments of error waived.

## CONCLUSION

¶ 16 Finding no error in the judgment of the trial court, we affirm its decision.

## ¶ 17 AFFIRMED.

GOODMAN, V.C.J., and FISCHER, P.J., concur.