**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 23, 2007**

**TENTH CIRCUIT**

LEON K. GLADWELL,

Plaintiff-Appellant,

v.

RANDY SCOFIELD; STERLING
CORRECTIONAL FACILITY,

Defendants-Appellees.

No. 06-1282

(D. Colorado)

(D.C. No. 06-CV-698-ZLW)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining Appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Appellant Leon K. Gladwell, a state prisoner incarcerated in Colorado, filed

a *pro se* complaint pursuant to 42 U.S.C. § 1983 asserting violations of his federal

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

civil rights.  The district court granted Gladwell's motion to proceed *in forma pauperis* and ordered Gladwell to pay an initial partial filing fee of $1.00 or show cause why he had no means by which to pay the initial fee.  *See* 28 U.S.C. § 1915(b)(1).  Gladwell was also warned that his complaint would be dismissed if he failed to either pay the initial partial filing fee or show cause within thirty days.  Although Gladwell filed a motion requesting the district court to direct automatic deductions from his state prison account,[1] he did not pay the partial filing fee or show cause why he had no means to pay the fee.  Consequently, the district court dismissed the complaint without prejudice.  Gladwell then filed a "Motion for Reconsideration."  That motion was denied, as was Gladwell's subsequent "Motion to Amend Order of Dismissal of Motion to Reconsider."  Gladwell then brought this appeal challenging the dismissal of his complaint and the denial of his motions asking for reconsideration.

This court reviews for abuse of discretion a district court's dismissal without prejudice for failure to comply with a court order.  *See Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003).  The federal rules do not recognize a motion to reconsider.  A litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b).  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Gladwell's "Motion for

---

[1]Gladwell's motion was denied.

Reconsideration" is a timely Rule 59(e); his "Motion to Amend Order of Dismissal of Motion to Reconsider" is a motion seeking relief from judgment under Rule 60(b). The denials of Gladwell's motions are reviewed for abuse of discretion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).

At the time the district court dismissed his complaint, the record confirms Gladwell had not paid the appellate filing fee or shown cause why he could not pay. In his appellate brief, Gladwell does not explain why he was unable to pay the fee within the thirty-day period set out in the court's show cause order. Thus, the district court did not abuse its discretion when it dismissed Gladwell's complaint on May 24, 2006.[2] In his Motion for Reconsideration, Gladwell informed the district court the filing fee had been paid. Noting the record belied that assertion, the district court denied the motion. Our review of the record confirms the filing fee had not been paid. Accordingly, the district court did not abuse its discretion when it denied Gladwell's Rule 59(e) motion.

Finally, Gladwell is entitled to relief under Rule 60(b) only if he can satisfy one or more of the six grounds set out in the Rule. *See Van Skiver*, 952 F.2d at 1243. Gladwell asserted before the district court that prison officials were improperly thwarting his attempts to pay the filing fee by refusing to approve his

---

[2]The civil rights violations alleged by Gladwell occurred on July 13, 2004. The district court dismissed his complaint without prejudice on May 24, 2006, leaving him free to refile. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying a two-year statute of limitations to § 1983 actions brought by Colorado plaintiffs).

requests for money orders. Attached to Gladwell's Rule 60(b) motion were copies of his money order request and his inmate account statement. The money order request indicates it was denied for insufficient funds. Gladwell argued the denial was improper because his account contained sufficient funds at the time. The documents provided by Gladwell appear to confirm this assertion. In its order denying Gladwell's Rule 60(b) motion, however, the district court neither discussed Gladwell's argument nor provided any justification for its denial of his motion. We conclude this failure to consider the basis for Gladwell's Rule 60(b) motion amounts to a failure to exercise discretion which constitutes an abuse of that discretion. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) ("A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."). Accordingly, we **reverse** the denial of Gladwell's Rule 60(b) motion and **remand** the matter to the district court to consider the grounds raised by Gladwell in support of his Rule 60(b) motion and for any further proceedings consistent with this opinion. Gladwell's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge


-4-