**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KAY SIEVERDING; DAVID
SIEVERDING,

        Plaintiffs-Appellants,

    and

ED SIEVERDING;
TOM SIEVERDING,

        Plaintiffs,

v.

COLORADO BAR ASSOCIATION,
and their insurance company (true
name unknown); CITY OF
STEAMBOAT SPRINGS, CO,
a municipality (hereinafter the CITY);
AMERICAN BAR ASSOCIATION,
and their insurance company (true
name unknown); JANE BENNETT,
private citizen acting in conspiracy
with CITY policy makers; KEN
BRENNER, individually and in his
capacity as a CITY Council Member;
JAMES ENGLEKEN, individually and
in his capacity as CITY Council
Member; ART FIEBING, individually
and as employed as CITY assistant
chief of police; SANDY FIEBING,
individually and as the CITY code
enforcement officer; DANIEL
FOOTE, Attorney, individually and in
his capacity as Assistant CITY
attorney; J. D. HAYS, individually and

No. 06-1439
(D.C. No. 02-cv-1950-EWN-OES)
(D. Colo.)

in capacity as CITY director of public safety; JAMES "SANDY" HORNER, individually and as an attorney working for KLAUZER & TREMAINE and his insurance company; ANTHONY LETTUNICH, individually and in capacity as CITY attorney and his insurance; PAUL R. MCLIMANS, individually and in capacity as a district attorney and his insurance company; WENDIE SCHULENBURG, also known as Wendie Rooney, individually and in capacity as CITY planning services director; and her insurance; MELINDA SHERMAN, individually and former Assistant CITY attorney, and in capacity, and their insurance; KERRY ST. JAMES, individually and in capacity as deputy or assistant district attorney; and his insurance; ARIANTHE STETTNER, individually and in capacity as CITY council member; PAUL STRONG, individually and in capacity as CITY Council Member; and his insurance company; RICHARD TREMAINE, individually and in capacity as an attorney; and his insurance company; JAMES WEBER, individually and in capacity as CITY public works director; and his insurance company; P. ELIZABETH WITTEMYER, individually and in capacity as Deputy District attorney; and her insurance; JAMES B.F. OLIPHANT, Bennett's attorney and purchaser of plaintiff's home; KEVIN BENNETT, individually and in capacity as CITY Council member; DAVID BROUGHAM, individually and in

-2-

capacity as apparent CITY insurance agent (for CIRSA); KATHY CONNELL, individually and as employed as CITY Council Member; HALL & EVANS, LLC, and their insurance; KLAUZER & TREMAINE, a law firm, and insurance (true name unknown); RANDALL KLAUZER, individually and in capacity as an attorney and his insurance company; SUZANNE SCHLICHT, individually and in capacity as newspaper publisher and her insurance; STEAMBOAT PILOT & TODAY NEWSPAPER, (WORLDWEST LIMITED LIABILITY COMPANY) and insurance (true name unknown),

       Defendants-Appellees,

  and

CHARLES LANCE, Attorney, individually and in capacity as former district attorney and his insurance; CIRSA, insurance for the CITY; INSURANCE AGENT, other than Brougham and decision makers for CIRSA (true name unknown); DAVIS, GRAHAM & STUBBS, LLC; JAMES GARRECHT, in capacity as district court judge; (for injunctive relief only since he is immune from suit for damages); PAUL HUGHES, individually and in capacity as CITY manager,

       Defendants.

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

Kay and David Sieverding appeal from the district court's judgment awarding attorney's fees in favor of defendants and against them in the amount of $101,864.82. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The parties are intimately familiar with the factual and procedural background of this appeal so our background discussion will be abbreviated. This appeal stems from a complaint the Sieverdings filed against defendants in 2002. In October 2003, the magistrate judge entered a recommendation that plaintiffs' complaint be dismissed, that they be ordered to pay attorney's fees and costs as a sanction for violating Rule 11, and that filing restrictions be entered against them. In March 2004, the district court entered an order adopting the magistrate judge's recommendation in all respects. The district court then recommitted the matter to the magistrate judge to determine the amount of the attorney's fees and costs to be awarded to defendants.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The Sieverdings filed three appeals from the district court's March 2004 order, which were consolidated. This court affirmed the district court's order in April 2005. *See Sieverding v. Colo. Bar Ass'n*, 126 F. App'x 457, 459 (10th Cir. 2005) (unpublished) (*Sieverding I*). While the appeal was pending, the magistrate judge ordered supplemental briefing from the parties on the amount of the attorney's fees and costs. The magistrate judge then entered an order in May 2004 awarding specific amounts of fees and costs to the individual defendants. In June 2004, the Sieverdings filed objections to the magistrate judge's order. In September 2006, the district court construed the magistrate judge's May 2004 order as a recommendation and accepted it in part and rejected it in part. The district court then entered a final judgment awarding specific amounts of attorney's fees and costs to the individual defendants. The Sieverdings now appeal from this judgment. Appellees have filed a motion to dismiss pursuant to the fugitive disentitlement doctrine. We deny this motion because this appeal is ripe for a decision on the merits.

Appellees argue that our decision in *Sieverding I* previously determined the Sieverding's liability for fees and costs. Although we did affirm the district court's judgment in *Sieverding I*, we made no express determination as to the Sieverding's liability for fees and costs. Any implied decision on the attorney's fee issue in *Sieverding I* would not be binding on this panel because this court lacked jurisdiction to review the attorney's fee determination at that time because

the award had not yet been reduced to a sum certain.  *See Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924-25 (10th Cir. 2005).

We review for abuse of discretion the district court's decision to impose Fed. R. Civ. P. 11 sanctions in the form of attorney's fees and costs.  *See White v. Gen. Motors Corp.*, 908 F.2d 675, 678 (10th Cir. 1990).  The Sieverdings have not presented any reasoned argument demonstrating that the district court abused its discretion in awarding attorney's fees and costs as a Rule 11 sanction.

Rule 11 provides, in relevant part, that anyone who signs a pleading or other paper certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims therein are: (1) warranted by existing law or by a non-frivolous argument for new or modified law; and (2) supported by evidence or likely to be supported by evidence after discovery and investigation.  Fed. R. Civ. P. 11(b).  Parties who file lawsuits on a pro se basis must comply with the provisions of Rule 11.  *Id.*

In the magistrate judge's initial October 2003 recommendation regarding the attorney's fee issue, he explained that he had entered an order on January 10, 2003, setting the case for a status conference and notifying the Sieverdings that their claims "appear[ed] to be completely groundless and frivolous, in violation of [Rule 11]."  Aplee. App., Vol. III at 344 (quotation omitted).  The magistrate judge noted that the January 10 order also informed plaintiffs that his

> purposes in setting the status conference were two-fold: (1) to discuss with plaintiffs [his] concerns that their claims were groundless, and (2) to attempt to persuade plaintiffs to reconsider their claims in light of the probability that they will be sanctioned and/or ordered to pay legal fees to the defendants who are the subjects of frivolous claims.

*Id.* (quotation omitted). At the January 30 status conference, the magistrate judge "attempted again to impress upon plaintiffs that their claims were groundless and frivolous" and "urged them, again, to reconsider most, if not all, of their claims in light of the remarks made by [him], and by the attorneys who addressed the court with comments about the groundless nature of the claims against their respective clients." *Id.* at 345.

The magistrate judge then continued his recommendation by detailing the Rule 11 violations in the Sieverdings' complaint and explained again how they had been repeatedly advised and warned by the court and other lawyers that their claims were baseless and frivolous. *Id.* at 389-91. The magistrate judge explained that his January 10 order and the January 30 status conference "stood as clear notice to plaintiffs of the probability that sanctions would be imposed against them if they failed or refused to withdraw the claims that the court or counsel indicated were frivolous or groundless." *Id.* at 397. The magistrate judge also discussed the Sieverdings' abusive litigation tactics and the need for compensation to be paid to the defendants who were the victims of this abuse. *Id.* at 393-94.

As noted above, the district court adopted the magistrate judge's recommendation and then recommitted the matter to the magistrate judge to resolve the amount of the sanction. In a thorough and well-reasoned seventeen-page order, the magistrate judge applied the factors identified in our case law for determining the amount of Rule 11 sanctions. *See* Aplee. App., Vol. IV at 635-651. The district court reviewed de novo the Sieverdings' objections to the magistrate judge's order and accepted the recommendation, with the exception of one portion of the award for fees to the American Bar Association, which it rejected.

The Sieverdings fail to present any argument regarding the reasonableness of the amount of the award. Because of this, the Sieverdings have waived any challenge to the reasonableness of the award. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir. 1994) (noting that failure to raise issue in an opening appellate brief waives issue on appeal).

Accordingly, for the reasons stated in the magistrate judge's October 14, 2003 recommendation and May 14, 2004 order, as adopted by the district court in its March 19, 2004 and September 27, 2006 orders, we AFFIRM the district

court's judgment awarding fees in the amount of $101,864.82 in favor of defendants and against the Sieverdings. We DENY all outstanding motions.

Entered for the Court

Monroe G. McKay
Circuit Judge