**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KAY SIEVERDING;
DAVID SIEVERDING,

       Plaintiffs-Appellants,

ED SIEVERDING;
TOM SIEVERDING,

       Plaintiffs,

v.

COLORADO BAR ASSOCIATION,
and their insurance company (true
name unknown); CITY OF
STEAMBOAT SPRINGS, CO,
a municipality (hereinafter the CITY);
AMERICAN BAR ASSOCIATION,
and their insurance company (true
name unknown); JANE BENNETT,
private citizen acting in conspiracy
with CITY policy makers; KEN
BRENNER, individually and in his
capacity as a CITY Council Member;
JAMES ENGLEKEN, individually and
in his capacity as CITY Council
Member; ART FIEBING, individually
and as employed as CITY assistant
chief of police; SANDY FIEBING,
individually and as the CITY code
enforcement officer; DANIEL
FOOTE, Attorney, individually and in
his capacity as Assistant CITY
attorney; J. D. HAYS, individually and
in capacity as CITY director of public
safety; JAMES "SANDY" HORNER,
individually and as an attorney

No. 08-1297
(D.C. No. 02-CV-01950-EWN-OES)
(D. Colo.)

working for KLAUZER & TREMAINE and his insurance company; CHARLES LANCE, Attorney, individually and in capacity as former district attorney and his insurance; ANTHONY LETTUNICH, individually and in capacity as CITY attorney and his insurance; PAUL R. MCLIMANS, individually and in capacity as a district attorney and his insurance company; WENDIE SCHULENBURG, individually and in capacity as CITY planning services director; and her insurance, AKA Wendie Rooney; MELINDA SHERMAN, individually and former Assistant CITY attorney, and in capacity, and their insurance; KERRY ST. JAMES, individually and in capacity as deputy or assistant district attorney; and his insurance; ARIANTHE STETTNER, individually and in capacity as CITY council member; PAUL STRONG, individually and in capacity as CITY Council Member; and his insurance company; RICHARD J. TREMAINE, individually and in capacity as an attorney; and his insurance company; JAMES WEBER, individually and in capacity as CITY public works director; and his insurance company; P. ELIZABETH WITTEMYER, individually and in capacity as Deputy District attorney; and her insurance; JAMES B.F. OLIPHANT, Bennett's attorney and purchaser of plaintiff's home; KEVIN BENNETT, individually and in capacity as CITY Council member; DAVID R.

-2-

BROUGHAM, individually and in capacity as apparent CITY insurance agent (for CIRSA); CIRSA, insurance for the CITY; INSURANCE AGENT, other than Brougham and decision makers for CIRSA (true name unknown); KATHY CONNELL, individually and as employed as CITY Council Member; DAVIS, GRAHAM & STUBBS, LLC; JAMES GARRECHT, in capacity as district court judge; (for injunctive relief only since he is immune from suit for damages); HALL & EVANS, LLC, and their insurance; PAUL HUGHES, individually and in capacity as CITY manager; KLAUZER & TREMAINE, a law firm, and insurance (true name unknown); RANDALL KLAUZER, individually and in capacity as an attorney and his insurance company; SUZANNE SCHLICHT, individually and in capacity as newspaper publisher and her insurance; STEAMBOAT PILOT & TODAY NEWSPAPER, (WORLDWEST LIMITED LIABILITY COMPANY) and insurance (true name unknown),

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

-3-

Before **BALDOCK**, **BRORBY**, and **EBEL**, Circuit Judges.

Kay and David Sieverding, appearing pro se, appeal from the district court's order denying their motion brought pursuant to Federal Rule of Civil Procedure 60(b)(4). We affirm.

### Background

The parties are familiar with the lengthy history of this case. The relevant facts relating to this appeal are set forth in this court's decision in *Sieverding v. Colorado Bar Association*, 237 F. App'x 355, 357-359 (10th Cir. 2007). In that decision, filed on June 14, 2007, this court affirmed the district court's judgment awarding attorney fees in favor of defendants in the amount of $101,864.82. The attorney fees were awarded as a Rule 11 sanction for the Sieverdings' frivolous and abusive litigation. On June 20, 2008, the Sieverdings filed a Rule 60(b)(4) motion in district court, which sought to void the judgment awarding attorney fees in favor of defendants. The district court denied the motion. The Sieverdings now appeal from that order.

---

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Discussion

We review de novo the district court's denial of a Rule 60(b)(4) motion. *See Amoco Oil Co. v. United States Environmental Protection Agency*, 231 F.3d 694, 697 (10th Cir. 2000) (explaining that Rule 60(b)(4) denials are reviewed de novo unlike other Rule 60(b) motions, which are reviewed for abuse of discretion).

The Sieverdings first complain that the district court abused its discretion by denying their Rule 60(b)(4) motion without giving any reasons for the denial. In support of their position, they rely on *Gladwell v. Scofield*, 222 F. App'x 750 (10th Cir.), *cert. denied*, 128 S. Ct. 448 (2007). In *Gladwell*, an unpublished, non-binding decision, this court concluded that the district court abused its discretion by failing to give the reasons for its denial of a Rule 60(b) motion. *Id.* at 752-53. But in that case, this court was reviewing the denial of a general Rule 60(b) motion, not a Rule 60(b)(4) motion. Moreover, in *Gladwell*, this court was reviewing the district court's decision for abuse of discretion. *Id.* at 752. As noted above, the abuse of discretion standard is not applicable to a Rule 60(b)(4) motion. *See Amoco*, 231 F.3d at 697. Because we are reviewing the Rule 60(b)(4) motion de novo, it does not matter that the district court did not give the reasons for its denial.

As for the merits of their Rule 60(b)(4) motion, the Sieverdings argue that the judgment awarding attorney fees is void because the district court failed to

follow Rules 11 and 54 of the Federal Rules of Civil Procedure. The Sieverdings assert also that they "were not told the basis for the sanctions." R., Vol. I, Doc. 1069. A party may seek relief under Rule 60(b)(4) if "the judgment is void." "A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quotation omitted). The Sieverdings did not present any argument in their Rule 60(b)(4) motion that shows they can meet this standard.

Finally, the Sieverdings' statement that they did not know the basis for these sanctions is an outright misrepresentation of the facts of this case. As this court detailed in the order and judgment affirming the award of attorney fees, the magistrate judge issued an order in January 2003 putting the Sieverdings on notice that their claims appeared to be groundless and frivolous in violation of Rule 11 and that they could be subject to sanctions in the form of paying for the defendants' legal fees. *See Sieverding*, 237 F. App'x at 358-59. At the status conference later that month, the magistrate judge "attempted again to impress upon plaintiffs that their claims were groundless and frivolous." *Id.* (quotation omitted). In his sixty-page report recommending that the Sieverdings' claims be dismissed and that they be sanctioned, the magistrate judge detailed the Sieverdings' Rule 11 violations and how they had been repeatedly warned and advised that their claims were frivolous and baseless. *Id.* at 359. The Sieverdings

filed objections to the magistrate judge's report and recommendation. The district court considered the objections and then adopted the magistrate judge's recommendation that the Sieverdings be sanctioned. *Id*. The Sieverdings received ample notice of the basis for these sanctions and had the opportunity to object before these sanctions were imposed.

Conclusion

This appeal is frivolous and represents another example of the Sieverdings' abusive litigation practices. Including this appeal, the Sieverdings have filed eleven appeals and two requests for mandamus relief arising out of this district court case. There is nothing left to be reviewed from this district court case. We caution the Sieverdings that if they file another appeal or special proceeding arising out of this district court case then we will seek to impose sanctions against them in the form of appellate filing restrictions. *See Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315-16 (10th Cir. 1994) (imposing filing restrictions on plaintiffs with a history of abusive and repetitive filings in this court).

The judgment of the district court is AFFIRMED. The Sieverdings' motion to supplement the record and to remand for an evidentiary hearing is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge